**Christina GIANFORTI, Plaintiff,**

v.

**Abraham RIBICOFF, Secretary of Health, Education & Welfare, Defendant.**

**Civ. No. 9080.**

United States District Court
W. D. New York.

Oct. 31, 1961.

Administration. Thus, if you believe that the determination in your case is not correct, you may request such a reconsideration or hearing. If you wish a reconsideration or hearing, you must request it within 6 months from the date of this notice. Such request should be made through the social security district office. If additional evidence is available, you should submit it with your request."

On March 15, 1960 the plaintiff filed a request for reconsideration. The Bureau informed her legal representative by letter dated March 23, 1960 as follows: "In the disallowance notice of September 30, 1958, Mrs. Christina Gianforti was notified that if she disagreed with the determination that she does not meet the legal relationship requirement, she had her right to request a reconsideration or a hearing on her claim, but that such a request had to be made within 6 months from the date of that letter. Since she has not submitted any additional evidence to establish that she was capable of contracting a valid marriage at the time she married the wage earner, her claim cannot be reopened and the determination of September 30, 1958 is now final and binding."

On November 18, 1960 plaintiff's attorneys filed a request for a hearing. This was denied by order issued December 23, 1960, by a hearing examiner of the Social Security Administration, on the ground that it was not timely filed and good cause had not been demonstrated to warrant an extension of time in which to file a request for a hearing.

Lacy, Katzen & Greene, Rochester, N. Y., for plaintiff.

John T. Curtin, U. S. Atty., Buffalo, N. Y., for defendant.

BURKE, Chief Judge.

Motion to dismiss the complaint.

Plaintiff, claiming to be the widow of Salvatore Gianforti, filed a claim for widow's insurance benefits under the Social Security Act on June 11, 1958. The Social Security Administration mailed to the plaintiff a notice dated September 30, 1958 stating that "since the relationship requirement has not been met in this case, no payment may be made to you." The notice further stated "A person has a right to a reconsideration by this Bureau or to a hearing on his claim before a referee of the Social Security

On January 13, 1961 the plaintiff filed a request for review of the hearing examiner's dismissal action. The Appeals Council denied the request for review on January 26, 1961, holding that the determination of the Bureau of Old Age and Survivor's Insurance stands as the effective action of the Department.

The plaintiff invokes jurisdiction under Section 405(g) of Title 42 of the United States Code Annotated (Social Security Act). She asks in the prayer for relief contained in the complaint

"that the decision denying her claim for widow's insurance benefits be reversed, or in the alternative that an extension of time for filing a request for reconsideration be granted her, and, or, that plaintiff's claim be allowed and that defendant be ordered to make payment to the plaintiff."

Section 405(g) authorizes suits only "after any final decision of the Secretary made after a hearing." The statute requires the Secretary to file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. Under the statute the court has "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive  *  *  *." Under the statute the court's power is limited to a review of the administrative record. In the case at bar the court could could not review the administrative record because no hearing was held and there is, therefore, no hearing record. The court cannot review a "final decision  *  *  *  made after a hearing" since there was no hearing and no decision made after a hearing. Nor was there any appeal from such a decision to the Appeals Council. For that reason the court would be unable to enter the only form of judgment permitted by Section 405(g), viz., "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." The absence of a "final decision of the Secretary made after a hearing  *  *  *" precludes judicial review.

■■ The plaintiff in her prayer for relief in the complaint asks "that the decision denying her claim for widow's benefits be reversed, or in the alternative that an extension of time for filing a request for reconsideration be granted her, and, or, the plaintiff's claim be allowed and that defendant be ordered to make payment to the plaintiff." The plaintiff seeks by her prayer for relief an independent determination by this court of the eligibility of the plaintiff for benefits upon a hearing to be conducted by the court. There is no provision in the statute for such a hearing. The complaint seeks what is in effect a money judgment against the United States. Such an action could not proceed without joining as a necessary defendant the United States of America. However, on a Social Security claim, Congress has not waived its sovereign immunity from suit except to the extent and in the manner provided in Section 405(g). The suit is against the Secretary in his official capacity. The United States is therefore a necessary party. Haskins Bros. & Co. v. Morgenthau, 66 App.D.C. 178, 85 F.2d 677. Cert. denied 299 U.S. 588, 57 S.Ct. 118, 81 L.Ed. 433. Mine Safety Appliances Co. v. Forrestal, 326 U.S. 371, 694, 66 S.Ct. 219, 90 L.Ed. 140.

■ The alternative relief sought is in the nature of mandamus compelling the Secretary to take certain action with regard to granting a hearing for reconsideration, or reconsidering plaintiff's claim. There is no provision in the Social Security Act empowering the court to review the Secretary's failure ·or refusal to grant a request for a hearing, or to order the Secretary to grant a hearing. Hobby v. Hodges, 10 Cir., 215 F.2d 754. This court has no jurisdiction to grant relief by way of mandamus. Marshall v. Crotty, 1 Cir., 185 F.2d 622.

The complaint is dismissed. So ordered.