**Frank H. FILICE, Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.**

**No. 18158.**

United States Court of Appeals
Ninth Circuit.

June 26, 1963.

**444**

Johnson, Thorne, Speed & Bamford, and Arthur L. Johnson, San Jose, Cal., for appellant.

Cecil F. Poole, U. S. Atty., and Robert S. Marder, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before POPE, HAMLEY and BROWNING, Circuit Judges.

BROWNING, Circuit Judge.

On April 26, 1960, the Appeals Council of the Social Security Administration,. acting for the Secretary, notified appellant of its final decision denying his application for disability insurance benefits under 42 U.S.C.A. § 423. Over a year and a half later, on December 22, 1961, appellant filed a petition to reopen this decision, which was denied by the Appeals Council by a decision dated January 8, 1962. On March 7, 1962, appellant filed a complaint in the District Court. which, as amended, sought review under 42 U.S.C.A. § 405(g) of the decisions of the Appeals Council, and relief on equitable grounds. We conclude that the District Court properly dismissed the complaint.

**I**

The District Court was without power to review the April 26, 1960, order of the Appeals Council.

"When judicial review is available and under what circumstances, are questions (apart from whatever requirements the Constitution may make in certain situations) that depend on the particular Congressional enactment under which judicial review is authorized." N. L. R. B. v. Cheney Cal. Lumber Co., 327 U.S. 385, 388, 66 S.Ct. 553, 554, 90 L. Ed. 739 (1946). The statute applicable to the present case provides that judicial review of a final decision of the Secretary may be obtained "by a civil action commenced within sixty days after the mailing * * * of notice of such decision or within such further time as the Secretary may allow." 42 U.S.C.A. § 405 (g). Appellant sought no extension of time and none was granted. So far as appellant's suit sought review of the decision of April 26, 1960, it was properly dismissed as untimely. Jamieson v.

Folsom, 311 F.2d 506 (7th Cir. 1963); Bomer v. Ribicoff, 304 F.2d 427 (6th Cir. 1962); Zeller v. Folsom, 150 F. Supp. 615 (N.D.N.Y.1956); Frost v. Ewing, 13 F.R.D. 432 (W.D.Pa.1953). See also Johnson v. Flemming, 264 F.2d 322 (10th Cir. 1959).

## II

■ The District Court was without power to review the Appeals Council order of January 8, 1962.

Congress has not authorized judicial review of orders of the Secretary refusing to reopen prior final decisions. This is the precise holding of two district courts [Gianforti v. Ribicoff, 200 F.Supp. 450 (W.D.N.Y. 1961); Kinyoun v. Ribicoff, 194 F.Supp. 528 (W.D.Mo.1961)], and follows necessarily from the interpretation given Section 405(g) by the Court of Appeals for the Tenth Circuit in Hobby v. Hodges, 215 F.2d 754 (1954). Compare Langford v. Flemming, 276 F.2d 215 (5th Cir. 1960). Moreover, we think the rationale of Securities Exchange Commission v. Louisiana Pub. Serv. Comm'n, 353 U.S. 368, 77 S.Ct. 855, 1 L.Ed.2d 897 (1957), requires a holding that Section 405(g) does not authorize review of an order merely denying a motion to reopen a prior decision based on findings made following a hearing.

In the latter case, the Supreme Court held that an order of the Securities and Exchange Commission denying a petition to reopen a divestment proceeding under 15 U.S.C.A. § 79k was not subject to judicial review under 15 U.S.C.A. § 79k (b) (2) and § 79x. 15 U.S.C.A. § 79k (b) imposed a duty on the Commission "to require by order, after notice and opportunity for hearing" that action be taken to limit the operations of holding-company systems, and to eliminate unnecessarily complicated corporate structures and unfair distributions of voting power in such systems. The last two sentences of Subsection 79k(b) provided that the Commission could by order revoke or modify an order previously made under the subsection if it found, after notice and opportunity for hearing, that the conditions upon which the order was based no longer existed. It was further provided that "any order made under this subsection shall be subject to judicial review as provided in Section 79x." The latter section stated that "Any person or party aggrieved by an order issued by the Commission under this chapter may obtain a review of such order in the United States court of appeals."

Despite this broad language, the Supreme Court held "that the orders made judicially reviewable by the quoted language [of Subsection 79k(b)] are the directory orders mentioned in, and authorized by, subsection (b) of § 11 of the Act [15 U.S.C.A. § 79k(b)], and orders which may 'revoke or modify' any such order previously made under that subsection, and that the quoted language does not include an order merely denying a petition to reopen § 11(b) proceedings." 353 U.S. at 371, 372, 77 S.Ct. at 857.

Turning to the statutes involved in the present case, 42 U.S.C.A. § 405(b) directs the Secretary to make findings of fact and decisions as to the rights of individuals applying for payment; and, after notice and opportunity for a hearing, if a hearing is held, to affirm, modify or reverse his initial findings of fact and decision on the basis of the evidence adduced at the hearing. Section 405(g) provides that "[a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party, * * * may obtain a review of such decision by a civil action commenced" in the District Court.

The parallel between these provisions and those involved in Louisiana Pub. Serv. Comm'n seems obvious. We think the reasoning of the Supreme Court in the latter case requires the conclusion that the orders made judicially reviewable by Subsection (g) of Section 405 are orders authorized by Subsection (b) of Section 405 which make findings of fact and decisions as to rights of applicants for payment, or which affirm, modify, or reverse such orders, and not orders

which merely deny petitions to reopen proceedings in which such findings and decisions have been made. See also Federal Power Comm'n v. Metropolitan Edison Co., 304 U.S. 375, 384, 58 S.Ct. 963, 82 L.Ed. 1408 (1938).

### III

The complaint alleged no grounds upon which the District Court could grant equitable relief.

■ Appellant contended that the Secretary was estopped to assert that the suit was time-barred because of statements made to appellant by local officials of the Social Security Administration. We need not inquire whether statements made by a government employee may ever provide a basis for an estoppel against the government in a suit such as this [See Flamm v. Ribicoff, 203 F.Supp. 507, 510 (S.D.N.Y.1961); Taylor v. Flemming, 186 F.Supp. 280, 284 (W.D.Ark. 1960); see generally 2 Davis, Administrative Law 491–591 (1958)]; for assuming that they might, appellant's allegations, taken as true, afforded no basis for relief.

The allegedly misleading statements were that it was difficult to obtain court reversal of an Appeals Council decision, that appellant's case could and would be reopened by the Secretary if evidence proving his disability were submitted within four years, and that appellant's best course of action would be to secure and submit such evidence. Appellant asserts that the denial of his petition to reopen demonstrates that the statement that the Secretary would reopen his case upon a proper showing was in fact false.

Appellant's prayer for equitable relief is in essence simply a request that the Court review indirectly the propriety of the Secretary's order denying appelant's petition to reopen—an order which we have held is not subject to direct judicial review under Section 405. Subsection (h) of that section provides that "no * * * decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided."

### IV

We affirm reluctantly, for we think appellant alleged facts strongly suggesting that the Appeals Council failed to adhere to the Secretary's announced standards in denying appellant's petition to reopen.

The applicable regulations provide that a decision of the Appeals Council, otherwise final, may be reopened within four years upon a finding of good cause (20 C.F.R. § 404.957), and that good cause shall be deemed to exist where new and material evidence is furnished or a showing is made that there is error in the decision on the face of the evidence on which the decision is based. 20 C.F.R. § 404.958.

Appellant allegedly proffered to the Appeals Council: (1) new and material evidence consisting, in part, of an extended history of abnormally low blood pressure, marked lassitude and susceptibility to fatigue, and manifest personality changes; and (2) a showing of error in the decision on the face of the evidence, in that the decision rested on the premise that there was "no evidence of any brain hemorrhage" whereas the record contained clinical findings of "grossly bloody" spinal fluid, and a diagnosis of "cerebral laceration and contusion with associated traumatic subarachnoid hemorrhage."

These are allegations only, and we cannot test them against the record available to the Appeals Council. On their face, however, they would seem to require reconsideration under the Secretary's own standards, and we note that the time within which the appellant may apply for reopening has not yet elapsed

Affirmed.