James P. PASQUALE

v.

Wilbur J. COHEN, Secretary of Health, Education and Welfare.

Civ. A. No. 3934.

United States District Court
D. Rhode Island.

March 5, 1969.

Maurice L. Dannin, Newport, R. I., Frank R. Mazzeo, Providence, R. I., for plaintiff.

Edward P. Gallogly, U. S. Atty., and Frederick W. Faerber, Jr., Asst. U. S. Atty., Providence, R. I., for defendant.

## OPINION

PETTINE, District Judge.

This is an action under section 205(g) of the Social Security Act, as amended,

42 U.S.C. § 405(g), to review a decision of the Secretary of Health, Education and Welfare so far as that decision refused to reopen a previous final decision of the Administration on a prior application for disability benefits filed by the plaintiff on August 29, 1961.[1]

The defendant has filed a motion for summary judgment pursuant to Rule 56 Fed.R.Civ.P. contending there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. The Government also seeks dismissal under 12(b) Fed.R.Civ.P. on the ground the plaintiff has failed to state a claim upon which relief can be granted. In so far as the record, including the transcript from the Social Security Administration, is complete, I will treat this case as one submitted to the court for summary judgment by both parties.

The court's jurisdiction is founded in the Act which provides, inter alia, that "the court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Secretary, with or without remanding the cause for a hearing" and "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." Section 205(h) of the Act (42 U.S.C.A. § 405(h)) expressly restricts the judicial remedy to the aforesaid manner of judicial review and contains a prohibition against an action under the general jurisdiction of the Federal District Courts for a money judgment.

### Statement of Facts

On August 29, 1961, the plaintiff applied for the establishment of a period of disability and the payment of disability insurance benefits alleging that he had become disabled on October 20, 1959. On January 10, 1962, this application was initially denied. Thereafter the plaintiff further pursued his administrative remedies and on January 10, 1963 obtained a decision from a hearing examiner that he had failed to establish his entitlement to either a period of disability or to the

1. Certain applicable provisions of the Act are:

Section 223(a) (1) of the Act (42 U.S. C.A. § 423(a) (1)) provides that:
"Every individual who—
\* \* \* \* \*
"(C) has filed application for disability insurance benefits, and
"(D) is under a *disability (as defined* in subsection (c) (2) \* \* \*) shall be entitled to a disability insurance benefit (1) for each month beginning with the first month after his waiting period (as defined in subsection (c) (3)) \* \* \*"

Section 223(c) of the Act (42 U.S.C.A. § 423(c)) provides that:
" \* \* \* (3) The term 'waiting period' means, in the case of any application for disability insurance benefits, the earliest period of six consecutive calendar months—
(A) throughout which the individual who files such application has been under a disability, and
(B) (1) which begins not earlier than with the first day of the eighteenth month before the month in which such application is filed \* \* \*."

Section 205(g) of the Act (42 U.S.C.A. § 405(g)) provides in pertinent part that:
"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business, \* \* \* \*."

The Act further provides at section 205 (h) (42 U.S.C.A. § 405(h)) that:
"The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under Section 24 of the Judicial Code of the United States to recover on any claim arising under this title."

payment of disability insurance benefits. On July 5, 1963, the Appeals Council denied the plaintiff's request for review and at that time he was notified that if he desired a judicial review of that decision, he would have to commence an action in the United States District Court within 60 days from the date of the notice of denial. No further action was taken by the plaintiff on this application.

On February 10, 1966, the plaintiff again applied for a period of disability and for the payment of disability insurance benefits. Following a series of progressive administrative appeals, a hearing examiner, on May 3, 1967 held that the plaintiff was entitled to *a period of disability commencing on November 30, 1961* but to disability insurance benefits *only* on the basis of his application of February 10, 1966. The hearing examiner further held that the decision on the plaintiff's application of August 29, 1961 could not be reopened. On July 25, 1967, a request for review of this finding was denied by the Appeals Council.

From the express provisions of the Social Security Act, the plaintiff cannot be entitled, on the basis of his February 10, 1966 application, to the payment of disability benefits for any month prior to February 1965; any such entitlement must be on the basis of the August 29, 1961 application.

The Government's position is that the final decision on the 1961 application was rendered on July 5, 1963 and since the plaintiff did not commence an action for its judicial review within the 60-day period provided by Section 205 of the Act, it is not reviewable by this court. It argues that the only way for the plaintiff to be entitled to benefits on the

basis of the August 29, 1961 application is for that application to have been able to be reopened by the Administration. However, this cannot be done because the initial determination was made January 10, 1962 and the plaintiff did not reapply for benefits until February 10, 1966 which is a full month more than four years after the date of the initial determination.[2]

The defendant points out that the regulation at 20 C.F.R. 404.957 specifically limits the time in which a decision on an application may be reopened for good cause to four years after the date of the notice of the initial determination. Hence, even if there was "good cause" for the reopening of the final decision, the time limit for doing so had expired.

### Conclusions of Law

Certain limiting features of the Social Security Act must be noted:

a) The right to judicial review is limited to final decisions, and

b) must be commenced within sixty days after the mailing of notice of the final decision of the Secretary or within such further time as the Secretary may allow. The Act does not afford any right of judicial review or administrative reopening to an individual who has failed to exhaust his administrative remedies or has failed to commence an action for judicial review within the time limitation set forth in section 205(g) of the Act.

c) The Secretary, who is empowered to make rules and regulations (42 U.S. C.A. § 405(a)), promulgated 20 C.F.R. 404.957 which provides that a decision which is otherwise final may be reopened within four years after the date of the

---

2. "404.957 Reopening initial or reconsidered determinations of the Administration and decisions of a hearing examiner or the Appeals Council; finality of determinations and decisions.—An initial or reconsidered determination of the Administration or a decision of a hearing examiner or of the Appeals Council which is otherwise final under § 404.908, § 404.916, § 404.940, or § 404.951 may be reopened:

(a) Within 12 months from the date of the notice of the initial determination (see § 404.907), to the party to such determination, or

(b) After such 12-month period, but within 4 years after the date of the notice of the initial determination (see § 404.907) to the party to such determination, upon a finding of good cause for reopening such determination or decision, or * * * *"

notice of the "initial determination" upon a finding of "good cause."

▆ In other words, finality of decision through lapse of time is no bar to a reopening of the same if done within four years of "initial determination" upon showing of good cause.

The Government argues that there are four categories of determinations and decisions under the Act. These are (1) "initial determination"; (2) "reconsidered determination"; (3) decision of a hearing examiner; and (4) decision of the Appeals Council. Each constitutes a definite administrative step in the progression towards a final decision; that when the regulation refers to "initial determination" it does not mean any of the others. It must be given its normal meaning of the "first determination" in a series of determinations; and that in this instance the "first determination" on the plaintiff's application of August 29, 1961 was made on January 10, 1962.

### "Initial Determination"

▆▆ The interpretation of this specific provision must be found in a reading of the Act and regulations as a whole. Congress intended a sensible non-technical approach in order to afford equitable treatment to those seeking coverage.

"The Social Security Act should be liberally construed in favor of those seeking its benefits. (Citations omitted) The legislation had its origin in the observed frequency of the tragic sequence of old age, disability, loss of earning power, destitution and dependency on public or private charity, but coverage has not been limited to cases actually presenting all these features in full scope. The concept of the statute is more inclusive, and the design is, by a comprehensive contributory insurance plan, to avert the personal hazards and the social problems which often, but happily not always, attend old age. * . * * There is no warrant for reading into the statute fine-spun limitations of which the legislative authority has given no intimation. * * * " 3

▆ Acceptance of the Government's interpretation of the time limitation to be employed for administrative reopening is contrary to the expressed reason for the Social Security Act. In essence, it penalizes a petitioner by reducing his reopening time period as he employs each *required* progressive step toward an ultimate judicial determination should the same become necessary. This is most significant in the case at bar, for here the record shows the first agency determination of the plaintiff's application was January 10, 1962 and it was not acted upon by the Appeals Council until July 5, 1963 when it denied the same.

This left remaining only two and one-half years to employ Section 404.957 instead of four years as stated in the regulations. Considering a hypothetical situation of longer delayed rulings, the entire four years could be consumed in exhausting, as required by the statute, the administrative steps. I find this reading of the regulations unacceptable because it virtually voids 20 C.F.R. 404.-957 as an effective device for reconsideration of administrative errors. Moreover, I find 20 C.F.R. 404.957, as so construed, to be contrary to the very purpose of the Act. This court views it as an unwarranted limitation never intended by Congress and as incompatible with the accepted understanding of administrative appellate processes.

The first paragraph of 20 C.F.R. 404.957 reads, "An initial or reconsidered determination of the Administration *or a decision of a hearing examiner or of the Appeals Council which is otherwise final* under 404.908, ('initial determination shall be final * * * *unless it is reconsidered* * * *') 404.916, ('The reconsidered determination shall be final * * * *unless a hearing* is *requested')* 404.940, ('The hearing examiner's decision * * * shall be final * * * *unless it is reviewed')* or 404.951 ("* *

---

3. Allison v. Celebrezze, D.C., 238 F.Supp. 667, 673–674.

the decision of the Appeals Council * * * shall be final * * * *unless a civil action is filed* in a district court of the United States') * * * may be reopened * * *."

It seems clear that this opening paragraph must be read into sub-paragraphs "a" and "b" of 20 C.F.R. 404.957, which measure the period of time in which a reopening should be granted. Any other interpretation would render it superfluous. The stress on finality, unless the next progressive appeal is taken, is impressive and in this court's opinion lends itself to the single conclusion that there can be no starting point for the running of reopening time until the steps in the intra-agency appeal procedure become final.

██ It must follow, therefore, that if there is an initial determination by the Administration and then by non-action that determination is rendered final, a petition for reconsideration is possible within four years from the notice of determination, as long as good cause is shown. However, if the initial determination by the Administration is sought to be appealed by the initially losing petitioner, then, however far that petitioner chooses to go,[4] those final decisions' dates become the dates from which the four year period is measured.

This interpretation of the regulation is the only sensible one, and it avoids any conflict between 20 C.F.R. 404.957 and the statutory policy. It does justice in the case at bar, accounts for the initial language of 20 C.F.R. 404.957, and avoids the absurdity of the possible exhaustion of the four year reopening period during the progressive intra-agency administrative hearings.

██ Applying such reasoning to this case, the date from which the four year period is measured is July 5, 1963, the date of the Appeals Council's refusal to review the hearing examiner's January 10, 1963 decision as to the August 1961 petition. This date being within the four year limitation period, the court adopts the rationale of Cappadora v. Celebrezze [5] and will review the question of "good cause" to determine if there has been an abuse of administrative discretion in refusing to reopen.

### Good Cause

Because the petition to reopen was made after one year from the date of the Administration's decision but within four years from that date, the plaintiff was entitled to have the Administration determine whether there was "good cause" within the meaning of 20 C.F.R. 404.957(b) for reopening its prior determination. The question hardly leaves room for argument in the context of this action and the procedures followed.[6]

██ The hearing examiner found that the plaintiff was entitled to a period of disability commencing November 30, 1961. It is a record admission of error as to the fact-findings on the original 1961 application, and in the light of this court's interpretation of "initial determination" the refusal to reopen constituted an abuse of discretion. It must be held, therefore, that the decision by the Secretary was erroneous since he

4. 20 C.F.R. 404.901–404.957—intra agency review procedures.

5. Cappadora v. Celebrezze, 356 F.2d 1 (2d Cir. 1966)
"Proceeding on review of refusal of Secretary of Health, Education and Welfare to reopen a denial of benefits. The United States District Court for the Eastern District of New York, John F. Dooling, Jr., J., granted summary judgment to the Secretary, and the plaintiff appealed. The Court of Appeals, Friendly, Circuit Judge, held that the refusal of the administration to re-open a denial of benefits was reviewable under the Administrative Procedure Act for an abuse of discretion, but found no such abuse where the petition was filed four years after termination of period allotted for such application and no good cause for reopening was shown. Affirmed."
Contra Filice v. Celebrezze, 319 F.2d 443 (9th Cir. 1963); McCunney v. Gardner, 374 F.2d 110 (3rd Cir. 1967)

6. For definition of "good cause" see Blanscet v. Ribicoff, D.C., 201 F.Supp. 257, 265 and cases cited.

established unequivocally November 30, 1961 as the disability commencement date. In this circumstance to remand for a determination of good cause by the Administration is unnecessary. Given the record admission of error, good cause is shown as a matter of law. The court finds the plaintiff is entitled to disability insurance benefits commencing November 30, 1961. The defendant's motion for summary judgment is denied. The plaintiff's motion or summary judgment is granted.[7] The matter is remanded to the Secretary for computation of the benefits to which the plaintiff is entitled.

---

7. The court declines to consider petitioner's argument regarding the right to counsel in the context of this case.