Lucille **KASPAREK**, Special Administrator of Maude C. Taylor, Appellant,

v.

John W. **GARDNER**, Secretary of Health, Education and Welfare, Appellee.

No. 21808.

United States Court of Appeals Ninth Circuit.

March 19, 1969.

Rehearing Denied May 29, 1969.

Philip R. Lawrence (argued), San Francisco, Cal., for appellant.

Sheldon Deutsch (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before POPE, BROWNING, and CARTER, Circuit Judges.

PER CURIAM:

This is an appeal from a summary judgment for the Secretary of Health, Education and Welfare in a civil action under the Social Security Act, 42 U.S.C. § 405(g), to review a decision of the Appeals Council of the Social Security Administration holding that the estate of Maude C. Taylor was not entitled to widow's insurance benefits under 42 U.S.C. § 402(e). We affirm.

The Appeals Council held that there was no basis for allowing the claim under the applicable statutory and regulatory provisions except by reopening a prior administrative determination rejecting Mrs. Taylor's claim, and that the prior determination could not be reopened.

I

Since the statutory provisions and administrative regulations applicable

during the relevant time periods have been amended or superseded in material respects, no useful purpose would be served by a detailed analysis of their now obsolete texts. It is enough to say that we have examined them with care in light of the administrative record and are entirely satisfied that the district court properly sustained the Appeals Council's decision that, if reopening were barred, the claim of Mrs. Taylor's estate must be denied on the ground that she failed to satisfy the requirements of the statute and regulations relating to the filing of an application.

## II

The district court held that our decision in Filice v. Celebrezze, 319 F.2d 443, 445 (9th Cir. 1963), precluded judicial review of the Appeals Council's determination that the earlier administrative rejection of Mrs. Taylor's claim could not be reopened. As the district court noted, *Filice* dealt only with the review provisions of the Social Security Act, 42 U.S.C. § 405(g); and in Cappadora v. Celebrezze, 356 F.2d 1 (1966), the Court of Appeals for the Second Circuit, although agreeing with our interpretation of section 405(g), held that a limited review of orders denying reopening was authorized by section 10 of the Administrative Procedures Act, 5 U.S.C. §§ 701, 706 (1968). Since the applicability of the Administrative Procedures Act to judicial review of such orders was neither considered nor decided in *Filice*, that question is open in this circuit.

Assuming the Administrative Procedures Act does authorize review, we would sustain the decision of the Appeals Council denying reopening.

Appellant does not appear to challenge the lawfulness of the Administration's regulations governing the reopening and revision of its prior determinations. In any event, these regulations were a permissible exercise of the broad power of the Secretary to make rules and establish procedures necessary and appropriate to carry out the pro-

visions of the Act. 42 U.S.C. § 405(a) (1952 ed.) (Supp. II 1955).

Appellant does argue that the Appeals Council misinterpreted the regulations; but, as the Supreme Court said in Udall v. Tallman, 380 U.S. 1, 4, 85 S.Ct. 792, 795, 13 L.Ed.2d 616 (1965), "The Secretary's interpretation may not be the only one permitted by the language of the orders, but it is quite clearly a reasonable interpretation; courts must therefore respect it." *See also* Jno. McCall Coal Co. v. United States, 374 F.2d 689, 691–692 (4th Cir. 1967); Mechanical Farm Equip. Distrib., Inc. v. Porter, 156 F.2d 296, 297–298 (9th Cir. 1946).

Finally, we do not think the Appeals Council's refusal to reopen the Administration's prior determination in this case was arbitrary, capricious, or an abuse of discretion.

Affirmed.