**Harry ROSNER, Petitioner,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE,
Respondent.**

**No. 69–492–Civ.**

United States District Court
S. D. Florida.

Jan. 29, 1970.

---

Mark E. Polen, Legal Services Program, Inc., Miami, Fla., for petitioner.

Robert W. Rust, U. S. Atty., Miami, Fla., Robert Silverstein, Asst. U. S. Atty., for respondent.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND FINAL JUDGMENT

CABOT, District Judge.

This cause came on for hearing before the court on the motions of the petitioner, Harry Rosner, and the Respondent, Secretary of Health, Education and Welfare, for summary judgment. The parties agreed to submit the matter to the court without oral argument. After having considered the advices of counsel, and being otherwise duly advised in the premises, the court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

This action is brought pursuant to the provisions of Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain court review of a decision of the respondent that petitioner's old age insurance benefits are subject to deductions because of excess earnings during certain months of 1966, and a finding that the adjustment or recovery of the overpayment of benefits received by petitioner could not be waived under the provisions of the Act. The final decision of the Secretary, rendered by a hearing examiner on December 11, 1968, held that the petitioner's total earnings for 1966 were $2,472.70, and that in January, August, September, October, November, and December, 1966, petitioner had earnings of more than $125.00 per month, that he had excess earnings in the amount of $972.79, and that his benefits were subject to deduction in the amount of $486.00, the overpayment of which should not be waived since petitioner was not without fault in receiving the overpayment.

Under the provisions of the Social Security Act, the jurisdiction of this court is confined to a limited review of the Secretary's decision and the record made in the administrative hearing process. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive in this matter. 42 U.S.C. § 405(g).

■■ It was petitioner's contention before the hearing examiner that he was without fault in receiving the overpayment in that he was given misinformation concerning the allowable limit of excess earnings permitted an individual receiving old age insurance benefits. However, the record before the court clearly indicates that the hearing examiner did not err in finding the petitioner to be with fault in receiving the overpayment and that petitioner's claim that he was given misinformation was without merit. The records before the court

present substantial evidence upon which this court may affirm the findings of the hearing examiner. The records show that the claimant was overpaid $486.00 for 1966 benefits as a result of his having earned more than $125.00 in the months of January, August, September, October, November and December of 1966. The evidence before the court further indicates that the claimant knew or should have known that at least the October, November and December checks were not due him. Petitioner's claim that the respondent may not assert that the doctrine of estoppel does not apply to the Government is erroneous. Parties dealing with the Government are charged with knowledge of and are bound by statutes and lawfully promulgated regulations despite reliance to their pecuniary detriment upon incorrect information received from government agents or employees. Flamm v. Ribicoff, S.D.N.Y.1961, 203 F.Supp. 507; Filice v. Celebrezze, 9 Cir. 1963, 319 F. 2d 443.

Petitioner's further assertion that the Secretary's findings were solely based on hearsay evidence is of little import in this matter. The documents received in evidence were admitted in order that petitioner's rights to review the decision to withhold the overpayment would not be frustrated. Further, the Federal Administrative Procedure Act, Title 5, U. S.C. § 556, provides that hearsay evidence may be received if of probative value. In the present case there can be no doubt that those exhibits had such a value. Willapoint Oysters v. Ewing, 9 Cir. 1949, 174 F.2d 676.

## CONCLUSIONS OF LAW

A. The court has jurisdiction over the subject matter and the parties to this action.

B. The decision of the hearing examiner is supported by substantial evidence. That decision is hereby adopted and made a part of this order.

C. The claims asserted by petitioner are without merit and are not supported by substantial evidence.

D. There is no genuine issue of material fact remaining for adjudication and the respondent is entitled to judgment as a matter of law.

## FINAL JUDGMENT

Accordingly, it is ordered and adjudged:

1. That petitioner's motion for summary judgment be and the same is hereby denied.

2. That respondent's motion for summary judgment be and the same is hereby granted, the decision of the hearing examiner rendered on December 11, 1968, is affirmed, and the petitioner shall take nothing by his complaint and the respondent shall go hence without day.