Agatha SHELTON

v.

SECRETARY OF HEALTH, EDU-
CATION AND WELFARE,
United States of America, Appellant.

No. 18146.

United States Court of Appeals,
Third Circuit.

Argued Feb. 19, 1970.

Decided June 4, 1970.

Kathryn H. Baldwin, Civil Division, Dept. of Justice, Washington, D. C. (William D. Ruckelshaus, Asst. Atty. Gen., Richard L. Thornburgh, U. S. Atty., William D. Appler, Atty., Department of Justice, Washington, D. C., on the brief), for appellant.

Herbert B. Lebovitz, Lebovitz & Lebovitz, Pittsburgh, Pa., for appellee.

Before KALODNER and VAN DUSEN, Circuit Judges, and FULLAM, District Judge.

## OPINION OF THE COURT

KALODNER, Circuit Judge.

This is an appeal by the Secretary of Health, Education and Welfare from an Order denying the Secretary's motion for summary judgment; reversing the Secretary's decision not to reopen a prior final decision denying claimant disability insurance benefits; and remanding the cause to the Secretary with directions to grant claimant the relief she sought.

The record discloses that claimant, Agatha Shelton, first filed an application to establish a period of disability and for disability benefits under the Social Security Act[1] on April 2, 1958. At that time, claimant reported her birthdate to be August 5, 1907, and stated that she had been unable to work due to severe heart and sight impairments since November 6, 1957. Following an investigation, the Social Security Administration ("Administration") determined that claimant had fulfilled all requirements for disability insurance, including disa-

1. Social Security Act §§ 216(i) and 223, 42 U.S.C. §§ 416(i) and 423 (1958 Ed.).

bility as of November 30, 1957, but advised her she had failed to affirmatively establish that she had attained age 50, as then required by Section 223(a) (1) (B) of the Social Security Act.[2]

Unable to obtain a birth certificate, claimant attempted to establish her age by providing a statement from her sister that claimant was born on August 5, 1907, and explained that a different and later date on her marriage record had been erroneously entered by her husband. However, a 1945 voter registration uncovered by an Administration employee showed claimant's birthdate as August 5, 1911, which was consistent with the date on her marriage record.

Claimant also stated that a family Bible in the possession of a nephew, Onrie Geter (or Jeter), would establish her correct birthdate. When Administration efforts to obtain a copy of the Bible, or to otherwise verify claimant's birthdate, proved unsuccessful, claimant was noti-

fied on February 21, 1959, that although she had satisfied all other requirements for entitlement, "[T]he evidence submitted by you is not sufficient to establish your attainment of age 50. Therefore, no benefits may be paid to you at this time."

No action was taken by claimant to obtain review of this initial determination and, pursuant to Social Security Administration regulations, it became the final disposition of the matter.[3]

Thereafter, on September 29, 1960, claimant filed a second application for disability benefits after Congress, in that same month, amended Section 223 of the Act to delete the age 50 requirement. Other than a second statement from her sister, claimant offered no new evidence to establish her date of birth.[4] Claimant asserts that at the time she filed her second application, she was advised by an Administration employee that she would receive back benefits for the period July

---

2. As then in force, Section 223(a) (1), 42 U.S.C. § 423(a) (1), provided:

"(a) Disability insurance benefits.
"(1) Every individual who—
(A) is insured for disability insurance benefits (as determined under subsection (c) (1) of this section),
(B) has attained the age of fifty and has not attained the age of sixty-five,
(C) has filed application for disability insurance benefits, and
(D) is under a disability (as defined in subsection (c) (2) of this section) at the time such application is filed,
shall be entitled to a disability insurance benefit for each month, * * *."
Under applicable Social Security Administration regulations the burden of producing evidence of date of birth is on the claimant, and is made a condition of entitlement. 20 C.F.R. §§ 404.701(a) and (b), and 404.703. 20 C.F.R. § 404.703 provides in relevant part:
"§ 404.703 Evidence as to age.
"(a) When required. An applicant for benefits * * * shall file supporting evidence showing the date of his birth if his age is a condition of entitlement or is otherwise relevant to the payment of benefits * * *.

"(b) Type of evidence to be submitted. Where an individual is required to submit evidence of date of birth as indicated in paragraph (a) of this section, he shall submit a public record of birth or a church record of birth or baptism established or recorded before his fifth birthday, if available. Where no such document recorded or established before age 5 is available, the individual shall submit as evidence of age another document or documents which may serve as the basis for a determination of the individual's date of birth provided such evidence is corroborated by other evidence or by information in the records of the Administration."
* * *
"(e) When additional evidence may be required. If the evidence submitted is not convincing, additional evidence may be required."

3. See 20 C.F.R. § 404.908.

4. The statement of claimant's sister reported that although claimant's date of birth was "unknown," the sister was "the eldest child, and I am 67. Agatha was the fourth child. There were two other children between Agatha and me. There is [sic] three year difference in ages between each child."

1958 [5] to October 1960, in the total amount of $1988.00, at "anytime" that she could verify her birthdate.

In a statement filed December 7, 1960, claimant reported that she was unable to supply evidence of her date of birth "at the present time," and requested that her application be processed under the congressional amendment dispensing with the age qualification.[6] On January 10, 1961, claimant submitted a second statement in which she reported that she was unable to secure additional proof of her age, and asked that her "claim" be processed "effective 11/60 for now."

Claimant was notified on March 15, 1961, that she would receive benefits retroactive to November 1960, the effective date of the amendment. No reconsideration of this decision was sought by claimant, and she began receiving, and continues to receive, monthly benefits under her second application.

There the matter remained until June 1967, when claimant submitted a 1910 census record which showed only that one *Henrietta* Jeter, then six years old, was a boarder in the Liles household. Additionally, claimant submitted a photocopy of a page from the Jeter family Bible, which showed a birthdate of August 5, 1904, beside an illegible name. On October 24, 1967, the Administration advised the claimant that on the basis of this "evidence" it had established her date of birth as August 5, 1904.

Claimant thereupon requested payment of benefits from July 1958 to October 1960, based upon her 1958 application and the newly submitted evidence of her date of birth.[7] On December 13, 1967, the Administration advised claimant that her request for reconsideration had been denied, stating that:

"Although you have presented evidence in 1967 that establishes your date of birth as August 5, 1904, more than four years have passed since February 21, 1959, and March 15, 1961, and the determination made on those dates may not be reopened." [8]

Claimant, through counsel, requested and was granted a hearing on the Administration decision not to reopen her claim. The Hearing Examiner denied claimant's request upon his conclusion that the Administration had made every reasonable effort to assist claimant in establishing her birthdate, that she had not been misled or misinformed to her detriment concerning her rights, and that based on the record before him, claimant was not entitled to a reopening.

The Appeals Council, acting for the Secretary, denied claimant's timely request for review on June 28, 1968.

---

5. Under then existing law, a six-month "waiting period" following the establishment of claimant eligibility was imposed before payment of benefits would commence. 42 U.S.C. § 423(c) (3) (1958 Ed.).

6. Claimant stated: "I have no evidence to establish my date of birth at the present. I would like my application processed with benefits payable beginning with November 1960. I will continue to seek some evidence of my date of birth. The evidence will be submitted when I receive it. I am in dire need and would like my application processed as quickly as it can be. I may be put out of my house if I am not able to pay my rent. I understand I can receive benefits beginning with November 1960 regardless of my age, and I would like my application processed this way because I need the money."

7. Claimant stated in her request for reopening and revision, filed November 6, 1967:
"Since my date of birth has been established as 8/5/04 and I have reecived disability benefits from 11/60, I feel I am entitled to benefits from 7/58 up to and including 10/60. I hadn't received benefits for those months before because I couldn't establish my age."

8. As earlier noted, February 21, 1959, was the date on which the Social Security Administration notified claimant that her initial application for benefits had been denied, and March 15, 1961, was the date on which claimant was advised by the Administration that she had been awarded benefits under her second application retroactive to November 1960.

Thereafter, on August 27, 1968, claimant commenced the instant civil action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), in the District Court for the Western District of Pennsylvania, to review the Secretary's decision refusing to reopen and revise his initial denial of benefits.

The Secretary filed an Answer in which he moved for summary judgment after averring that his action was supported by "substantial evidence" and was "conclusive."

The District Court entered an Order on May 6, 1969 in which it denied the motion for summary judgment; reversed the Secretary's decision, and remanded the cause to the Secretary with directions to grant claimant the relief she sought. The District Court, in its Order, found that the Secretary's decision "is not supported by substantial evidence."

On this appeal, the Secretary urges that the District Court was without jurisdiction to review his June 28, 1968 decision, challenged by the Complaint.[9]

That decision, he contends, was merely a refusal to reopen his prior dispositions in February 1959 and March 1961, and was not an appealable order. In support of his contention that the District Court was without jurisdiction, the Secretary cited our ruling to that effect in McCunney v. Gardner, 3 Cir., 374 F.2d 110 (1967), and the Ninth Circuit's similar holding in Filice v. Celebrezze, 319 F.2d 443, 445 (1963).

Alternatively, the Secretary contends that assuming existence of jurisdiction, claimant did not comply with the regulatory scheme for reopening a final decision inasmuch as his Regulations, 20 C.F.R. §§ 404.957, 404.958 [10] adopted pursuant to statutory authority,[11] provide that his initial or reconsidered determinations may only be reopened within four years upon a showing of good cause, or, after more than four years only upon a showing of fraud, clerical error or error on the face of the evidence, and not merely upon the production of new evidence. Here, the Secretary says, claimant's ap-

9. The question of jurisdiction was not urged by the Secretary in the District Court.

10. 20 C.F.R. § 404.957 provides in part: "An initial or reconsidered determination of the Administration or a decision of a hearing examiner or of the Appeals Council which is otherwise final under § 404.908, § 404.916, § 404.940, or § 404.951 may be reopened:
    "(a) Within 12 months [after notice of the initial determination for any reason], or
    "(b) After such 12-month period, but within 4 years after the date of the notice of the initial determination (see § 404.907) to the party to such determination, upon a finding of good cause for reopening such determination or decision, or
    "(c) At any time, when:
    "(1) Such initial or reconsidered determination or decision was procured by fraud or similar fault of the claimant or some other person; or
    * * * * *
    "(8) Such initial or reconsidered determination or decision is unfavorable, in whole or in part, to the party thereto but only for the purpose of correcting clerical error or error on the face of

the evidence on which such determination or decision was based."
20 C.F.R. § 404.958 provides in part:
"'Good cause' shall be deemed to exist where:
    "(a) New and material evidence is furnished after notice to the party to the initial determination;
    "(b) A clerical error has been made in the computation or recomputation of benefits;
    "(c) There is an error as to such determination or decision on the face of the evidence on which such determination or decision is based."

11. Section 205(a) of the Social Security Act, 42 U.S.C. § 405(a), provides:
    "(a) The Secretary shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder."

plication for reopening was filed in June 1967—more than eight years after his initial determination in February 1959 denying claimant social security benefits, and more than six years after his March 1961 decision allowing claimant benefits retroactive only to November 1960. Further, says the Secretary, claimant has failed to make a showing of fraud, clerical error or error on the face of the evidence, and her 1967 request for reopening his 1959 and 1961 determinations was based on "new evidence" impermissible under the Regulations.

On the score of our holding in *McCunney* that federal courts lack jurisdiction to review the Secretary's refusal to reopen his prior determination, we note that the Second Circuit had earlier, in Cappadora v. Celebrezze, 356 F.2d 1 (1966) ruled that the Secretary's refusal to reopen a denial of benefits was reviewable by the federal courts for abuse of discretion under the Administrative Procedure Act, § 10(e), [12] and that the Ninth Circuit subsequently, in Kasparek v. Gardner, 409 F.2d 214, 215 (1969), took cognizance of *Cappadora*, and pursuant thereto, considered and decided the issue whether the Secretary had abused his discretion in there denying reopening.[13]

Assuming that the Administrative Procedure Act authorizes judicial review limited to the issue of abuse of discretion on the Secretary's part in denying reopening of his prior determination, we are of the opinion that the record fails to establish that the Secretary abused his discretion in refusing to reopen his 1959 and 1961 prior determinations.

Claimant here did not request reopening of the stated determinations within four years as required by the Regulations and she failed to make a showing of good cause for her failure to do so. As the Secretary points out, her request for reopening was filed in June 1967—more than eight years after the Secretary's initial determination in February 1959 denying her social security benefits, and more than six years after his March 1961 decision allowing her benefits retroactive only to November 1960.

We note that in *Cappadora* the Court found no abuse of discretion in the Secretary's denial of a request for reopening because the claimant there had filed it "more than four years after the initial determination and thus out of time under the applicable regulation" and "no good cause for reopening was shown." 356 F.2d 7.

Finally, we find, on review of the record, that claimant utterly failed to make a showing of fraud, clerical error or error on the face of the evidence within the purview of Regulations §§ 404.957 and 404.958, so as to establish "good cause" for her request for reopening of the Secretary's 1959 and 1961 determinations.

For the reasons stated the Order of the District Court will be reversed and the cause remanded to the District Court with directions to grant the Secretary's motion for summary judgment.

The parties to this appeal will bear their respective costs.

12. 5 U.S.C.A. § 706(2) (A).

13. Subsequent to *Kasparek*, the Ninth Circuit, without reference to it, reaffirmed its holding in *Filice* that the Secretary's

refusal to reopen his prior determination cannot be judicially reviewed. Brockman v. Finch, 418 F.2d 116, 117 (1969).