v.

**Paul Leonard SMITH, Defendant-Appellant.**

**No. 30465.**

United States Court of Appeals,
Fifth Circuit.

April 16, 1971.

**A. J. BUMB, as Receiver of Highlander, Inc., a corporation doing business as Highlander Sanitarium, Debtor, Appellant,**

v.

**HOSPITAL SERVICE OF SOUTHERN CALIFORNIA, doing business as Blue Cross of Southern California, Secretary of Health, Education and Welfare, Appellees.**

**No. 24606.**

United States Court of Appeals,
Ninth Circuit.

April 5, 1971.

---

Robert W. Driscoll, Los Angeles, Cal., for appellant.

Walter H. Fleischer (argued), Atty., for Dept. of Justice, William D. Ruckelshaus, Asst. Atty. Gen., Washington, D. C., Robert L. Meyer, U. S. Atty., Carolyn M. Reynolds, Asst. U. S. Atty., Los Angeles, Cal., for appellees.

Before CHAMBERS, ELY and WRIGHT, Circuit Judges.

PER CURIAM:

The Debtor provided services under the national medicare program. It sought recovery of some $60,000 which it alleged to be a remaining obligation for those services. The Secretary and its local agent for the administering of the medicare program, the appellees, rejected the claim upon their determination that the Debtor had already been overpaid. The Debtor's Receiver then sought recovery in the District Court.

The District Court entered judgment for the appellees, holding that judicial review of the administrative determination was precluded by 42 U.S.C. § 1395ff and 42 U.S.C. § 405(h). The correctness of this ruling, *vel non*, is not clear. *See* Aquavella v. Richardson, 437 F.2d 397 (2d Cir. 1971). *Cf.* Filice v. Celebrezze, 319 F.2d 443 (9th Cir. 1963).

In their original brief in this court, the appellees suggested, without discussion, that the Receiver had instituted suit in the District Court without having first exhausted available administrative remedies. We called for supplemental briefs, requesting the parties to submit their views relating to this suggestion. Such supplemental briefs have now been received, and the appellees positively represent that there were administrative remedies available to the appellant which were not pursued before the appellant instituted suit in the court below. At the same time, the appellees recite that the exhaustion issue was not explored by the parties in the District Court and not resolved therein. Regardless of the ultimate resolution of the question of whether or not any judicial review whatsoever is available to the appellant, we think it clear that the filing of the suit in the District Court was premature if, in fact, there were remaining available administrative avenues through which the appellant might have gained relief without resorting to the courts.

Accordingly, the cause is remanded to the District Court for reconsideration, determining, at the outset, if the suit should be dismissed for appellant's failure to exhaust all available administrative remedies.

So ordered.