**Edgar P. JOHNSON, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCA-TION AND WELFARE OF the UNIT-ED STATES, Defendant.**

**No. CV 74–139–FW.**

United States District Court,
C. D. California.

Aug. 22, 1974.

S. S. Schwartz, by Barry Axelrod, Huntington Park, Cal., for plaintiff.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civ. Div., Roger E. West, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

MEMORANDUM OF DECISION

WHELAN, District Judge.

This cause came on regularly for hearing on August 19, 1974, on a motion of the defendant to dismiss, which motion was also treated by the Court as a Motion for Summary Judgment in view of the fact that the administrative record was submitted by the defendant and considered by the Court. Assistant United States Attorney Roger E. West appeared as counsel for defendant, Secretary of the Department of Health, Education and Welfare. The plaintiff was neither present nor represented by counsel at the hearing and no written opposition to the motion has been received from the plaintiff. The Court having read the moving papers in support of the Motion to Dismiss and having heard the argument offered in support of the motion and having considered the cause, now makes the following decision.

Plaintiff filed an application for a period of disability and for disability ben-

efits on March 23, 1966. The application was denied both initially and on reconsideration. A hearing on the matter was requested and granted and the plaintiff received an adverse decision from the Hearing Examiner on March 29, 1967. At that time it was determined that the plaintiff last met the special earnings requirements of the Social Security Act on June 30, 1957. The Appeals Council of the Department of Health, Education and Welfare affirmed the Hearing Examiner's decision. Plaintiff then brought a civil action in the United States District Court for the Central District of California, where the denial of benefits was also affirmed. That decision was not appealed.

On June 3, 1968, plaintiff filed a second application with the Social Security Administration. The application was denied on the grounds of res judicata and no appeal was taken.

A third application was filed on January 26, 1971, and was denied on all administrative levels on the ground of res judicata.

Duplicate applications were then filed on April 19, 1972, and July 26, 1972. These were denied initially on the ground of res judicata. An Administrative Law Judge then dismissed a request for a hearing after he had determined that "new" information offered by the plaintiff was either not new or not material evidence. He further determined that there was no issue of law or fact not already decided administratively on the claimant's first application. The Appeals Council, by letter, informed the plaintiff that the Administrative Law Judge's decision was correct and that the letter stood as the final decision of the Department.

The central allegation in the complaint disputes the Administrative Law Judge's factual conclusion that there was no new and material evidence presented in connection with the final application.

■ 42 U.S.C. § 405(g) provides for judicial review of findings of fact and decisions as to the right of a claimant to payment as well as decisions which affirm, modify, or reverse those findings and decisions. However, its authorization does not extend to the review of decisions which merely decline to reopen proceedings in which findings of fact and decisions as to the right of a claimant to payment were made. Stuckey v. Weinberger, 488 F.2d 904 (9th Cir. 1973); Filice v. Celebrezze, 319 F.2d 443 (9th Cir. 1963).

■ 42 U.S.C. § 405(h) provides that "the findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing." The scope of § 405(h) is to be determined by reference to the doctrine of res judicata and is to be applied with full force when it relates to adjudications of past facts. In Stuckey v. Weinberger, supra, the court held:

"There is, therefore no jurisdiction in the courts to review denials of reopening when the basis for the petition for reopening is an allegedly erroneous factual determination."

The court also noted that this principle applied both to situations in which no new and material evidence is offered, and the error was allegedly apparent on the record and to those situations in which "new and material" evidence is submitted.

■ The plaintiff here seeks review of the findings of fact made by the Administrative Law Judge in determining whether to reopen a previous adjudication. Under the rule announced in Stuckey v. Weinberger, supra, such factual determinations are not subject to judicial review. This action, therefore, must be dismissed for lack of subject matter jurisdiction.

The foregoing constitutes the material undisputed facts and conclusions of law of the Court.

Judgment will be entered for defendant; but no judgment will be entered until the Court signs a formal judgment.