Felipe Irizarry LOPEZ, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.

Ramon Otero SANCHEZ, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.

Civ. Nos. 73–71, 643–71.

United States District Court, D. Puerto Rico.

April 3, 1972.

Edgardo Márquez Lizardi, Mayaguez, P. R., for plaintiff Felipe Irizarry Lopez.

Frank Carbó, San Juan, P. R., for plaintiff Ramon Otero Sanchez.

Wally De La Rosa, Asst. U. S. Atty., San Juan, P. R., for defendant.

## MEMORANDUM AND ORDER

CANCIO, Chief Judge.

In each of these two social security cases the claimant seeks review of a dismissal by a hearing examiner, confirmed by the appeals council, of a request for a hearing.

The relevant procedural facts are simple. In both cases the claimants filed requests (the prior claims) for disability insurance benefits, alleging an incapacity to engage in substantial gainful activity, and were denied their requests at various stages in the proceedings.

After the refusals, they did not follow through the administrative procedure

which would have culminated with a complaint in this court under 42 U.S.C. § 405(g). Subsequently, they filed a new claim for the same benefits, based on the same condition as in the prior claim.[1] These last claims were administratively denied and when a hearing was requested, the hearing examiner denied the hearing, applying the doctrine of *res judicata* as a bar to the subsequent claim, through the mechanisms provided for in 20 CFR 404.937(a).[2] The appeals council affirmed the action taken by the examiner and the claimants filed these complaints.

In seeking the dismissal of the complaints, the Government alleges that the doctrine of *res judicata* was properly applied in this situation; that there is no record for the court to review; that this court does not have jurisdiction under 42 U.S.C. § 405(g) to review when an examiner refuses to grant a hearing under 20 CFR 404.937(a) because 405(g) specifically requires an administrative hearing for there to be subsequent judicial review;[3] and in Civil 73–71, in the alternative, it is alleged that the complaint was not filed within the 60-day period provided for in 405(g).

In denying the motion for dismissal, we adopt the doctrine expressed in the cases of Cappadora v. Celebrezze, 356 F.2d 1 (2d Cir.), and its progeny, including Leviner v. Richardson, 443 F.2d 1338 (4th Cir.) (judicial review), and the doctrine expressed in Grose v. Cohen, 406 F.2d 823 (4th Cir., 1969) (application of *res judicata*). See *contra*, Filice v. Celebrezze, 319 F.2d 443 (judicial review) (9th Cir.), but see, Kasparek v. Gardner, 409 F.2d 214 (9th Cir.), and Brockman v. Finch, 418 F.2d 116 (9th Cir.). The state of the doctrine of judicial review is expressed in Shelton v. Secretary of Health, Education and Welfare, 428 F.2d 81 (3d Cir., 1970), at 84 and 85. The cases cited by the Government in support of its position do not consider the doctrine expressed in *Cappadora* and fail to convince the Court not to adopt the doctrine.

In Torres Gerena v. Secretary of Health, Education and Welfare, Civil 580–69, by a memorandum and order entered on April 26, 1971, this Court recognized the validity and application of the doctrine of administrative *res judicata* to social security cases. Here, while the doctrine could be applicable, the Court finds that the manner in which the doctrine was applied may have been wrong and could be the cause of prejudice to the claimants.

The case of Grose v. Cohen, *supra*, illustrates the proper way in which *res judicata* may be applied to a social security case at the administrative level. Specifically, the court, in *Grose*, found that when the doctrine of *res judicata* is being applied, specific consideration must be given to the provisions in the

---

1. In Civil 643–71 there are several prior claims but in view of the results we reach, at this stage in the proceedings, the matter is of no importance.

2. 20 CFR 404.937: The hearing examiner may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:

   (a) *Res judicata.* Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision (see §§ 404.911, 404.918, 404.946, and 404.951).

3. 405(g) reads in part:

   Any individual, after any final decision of the Secretary made *after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. (Emphasis added).

agencies' own regulations for the reopening of cases.[4]

We have no doubts that to apply a doctrine like *res judicata* with the purpose of giving finality to an agency's decision, it is essential that the administrator consider the agency's own regulations which pertain to the reopening of cases and which are an integral part of the doctrine, though as exceptions. In the same manner it is impermissible to apply a general rule, straight across the board, without considering the exceptions to the rule found in the same *regulations which created* the general rule. This Court rules that when an examiner is contemplating a dismissal based on 20 CFR 404.937(a), he must also consider whether the case is a proper one for reopening under 20 CFR 404.957 and 404.-958,[5] and should include findings to that effect.[6] To ignore the provisions for reopening of cases when dismissing a case for *res judicata* would be an improper application of the doctrine.

The Government goes one step further and, in requesting the dismissal, argues that this Court is precluded from reviewing the action taken by the hearing examiner in each of these cases. The doctrine of Cappadora v. Celebrezze, *supra,* leads us to reach a different conclusion.

*Cappadora* establishes the doctrine that while some decisions by the Secretary, which are rendered without a hearing, fall without the purview of 42 U.S.C. § 405(g),[7] they may nevertheless be reviewed under the Administrative Procedure Act, 5 U.S.C. § 701 et seq.

The specific issue before the Court in *Cappadora* was whether there was jurisdiction under the Administrative Procedure Act to review a decision not to reopen what had become a final and binding determination. In finding jurisdiction, the Court did not consider the second sentence of 42 U.S.C. § 405(h)[8] a prohibition for review under 5 U.S.C. § 701(a) (1),[9] so that the action was reviewable under the Administrative Procedure Act, 5 U.S.C. §§ 701, 702, 704, 706. *Cappadora* is highly persuasive and this Court does not see any reason why the Secretary's discretion in the application of *res judicata* should be absolute and unreviewable for a possible abuse of discretion under 5 U.S.C. § 706.[10]

4. See 20 CFR 404.957(a) & (b) which read:
   (a) Within 12 months from the date of the notice of the initial determination (see § 404.907), to the party to such determination, or
   (b) After such 12-month period, but within 4 years after the date of the notice of the initial determination (see § 404.907) to the party to such determination, upon a finding of good cause for reopening such determination of decision, or

   *       *       *       *       *

5. This duty is imposed upon the examiner because it would be in the extreme unjust to require claimants, who are normally unaided by counsel, to understand and raise procedural niceties, which can result, and in these cases did result, in the dismissal of their claim. This is also consistent with the concept, at times forgotten, that the examiner is not protecting solely the interests of the Government.

6. Without findings the Court has no way of knowing if the regulations were considered.

7. 405(g) reads in part: (See footnote 3, *supra*).

8. 405(h) reads in part: ". . . No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided."

9. 5 U.S.C. § 701(a) (1) reads:
   This chapter applies, according to the provisions thereof, except to the extent that—
   (1) statutes preclude judicial review
   . . .

10. 5 U.S.C. § 706 reads in part:
   To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determining the meaning

*Leviner, supra,* which applied *Cappadora* in a *res judicata* case, further illustrates the nature of the review. In referring to *res judicata,* the Court stated that the doctrine "may apply, but it may equally well not apply if the new evidence proffered might result in a different determination. In order to decide, the district judge should have required the record of all the prior proceedings to be adduced, and proceed to make that determination." P. 1343.

■ The Government's final contention in Civil 73–71 that the 60 days for review under 42 U.S.C. § 405(g) have elapsed is disposed of by our conclusion that review is through the Administrative Procedure Act and not through 405(g), so that the 60-day period does not apply.

■ While we have jurisdiction under the Administrative Procedure Act, and we have the standards for determining if the application of the doctrine of *res judicata* was proper, it is true, as the government contends, that in these cases we cannot adequately review the action of the Secretary because the record is inadequate and, we add, the examiners did not make specific findings as to whether the case could be reopened. However, this leads us not to dismiss the case but to require that the Secretary raise the whole record for a proper review by this Court. Since these are cases of inadequate findings, we remand the cases for further findings, and will cause the record to be returned if the cases come before the court after remand.

In addition, in these two cases, a study of the meager record we have leaves us with some doubts as to whether the examiner did or did not consider reopening the cases so that a remand is justified, not only for further findings, but also for the taking and considering of the evidence provided by claimants so as to determine if *res judicata* is applicable and if these are proper cases for reopening the prior determinations.

For the aforesaid reasons, the Court orders as follows:

1. The motions to dismiss filed in these cases are denied.

2. The cases are remanded to the Secretary of Health, Education and Welfare so that the evidence provided by the claimants be considered and studied to determine not only if the requirements of *res judicata* under 20 CFR 404.937(a) are met, but also whether they meet the standards for reopening of cases under 20 CFR 404.957 and 958. The examiner should issue specific findings on this issue.

3. If review is sought after the remand and the appropriate administrative remedies have been exhausted, the Government should raise the whole record on appeal, including the transcripts of all hearings, the record of the prior claims, and the evidence presented in the new claim, so that the Court may properly review.

It is so ordered.

---

or applicability of the terms of an agency action. The reviewing court shall
 1. ____
 2. hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, . . .