Ana Maria Rivera ORTIZ, Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

Civ. No. 662–72.

United States District Court,
D. Puerto Rico.

Jan. 8, 1973.

Carmelo Avila Trujillo, Santurce, P. R., for plaintiff.

U. S. Atty. Julio Morales-Sanchez, for defendant.

## ORDER

TOLEDO, District Judge.

This action is before this Court on defendant's motion to dismiss on grounds that the complaint's dismissal at the ad-

ministrative level on grounds of res judicata, does not constitute a final decision judicially reviewable under Section 205(g) of the Social Security Act.

The question of whether the "final decision" referred to in Title 42, United States Code, Section 405, refers to anything but a final decision on the merits after a hearing has already been passed upon by the Second Circuit. Cappadora v. Celebrezze, 356 F.2d 1 (2 Cir. 1966). While conceding that review of anything but such a decision is not permissible under Title 42, United States Code, Sections 405(g) and (h), that Court held the Secretary's refusal, after a hearing designed specifically to determine the issue of reopening, to consider the case on the merits reviewable under the Administrative Procedure Act, Title 5, United States Code, Sections 701–706. The Court in Cappadora v. Celebrezze, supra, thought that to hold otherwise would lead inevitably to an administrative power, wholly immune from judicial examination, in those cases where no hearing is held as per Title 42, United States Code, Section 405.

To counteract this possible danger, the *Cappadora* Court felt Section 10(e) of the Administrative Procedure Act, expressly authorizes the courts to set aside any administrative decision constituting an abuse of discretion.

■ This Court, recently, has had an opportunity to adopt *Cappadora*'s jurisdictional theory in pursuance of which it has adopted a procedure by which judicial review may be afforded to claimants whose petition for disability benefits do not enjoy a full hearing on the merits. López v. Secretary of Health, Education and Welfare, 342 F.Supp. 778 (D.C.P.R. 1972). It is a procedure this Court feels should be followed by the Administrative Agency in all cases such as this one, where the administrative law judge dismisses the plaintiff's request for a hearing on the basis of res judicata.

In the *Lopez* case, as is alleged in the case at bar, the claimants filed requests for disability insurance benefits which were denied. After the refusals, claimants did not follow through the administrative procedures which would have culminated with judicial review of the administrative decision under Title 42, United States Code, Section 405(g). Subsequently, they filed a new claim for the same benefits, based on the same condition as in the prior claim. These last claims were administratively denied and when a hearing was requested, the hearing examiner denied the request on the basis of the bar created by the doctrine of res judicata. The Appeals Council affirmed the action taken by the examiner and the claimants filed their respective complaints in this Court. Both cases fix on exactly the same set of facts, and this Court sees absolutely no reason why the procedure followed in the *Lopez* case should not be applied here today.

■■ As pointed out recently by the Fourth Circuit, the doctrine of res judicata as applied to administrative decisions, is not encrusted with the rigid finality that characterizes the precept in judicial proceedings, especially where the Secretary's own regulations do not require administrative finality. Grose v. Cohen, 406 F.2d 823 (1969). This Court decided in the *Lopez* case that those regulations impose a duty on an examiner who is contemplating a dismissal based on 20 C.F.R. 404.937(a) to consider whether the case is a proper one for reopening under 20 C.F.R. 404.-957 and 404.958. Should the examiner decide to dismiss the case, he must include findings to that effect so that the Court may know the aforementioned reopening regulations were considered. As was pointed out in Leviner v. Richardson, 443 F.2d 1338 (4 Cir. 1971), a mere affidavit in support of the Secretary's motion to dismiss in the district court, recounting the history of the administrative proceedings, does not adequately deal with whether there exists new and material evidence which, if offered, carry sufficient weight to alter the prior denial upon a reopening for

"good cause" under 20 C.F.R., Section 404.958.

■ Neither does such an affidavit, which is all that is on record in the case at bar, give this Court an opportunity to determine whether the doctrine of res judicata was correctly applied, whether we are in fact dealing with the same facts and parties as were previously considered. In view of the foregoing,

The Court Orders, as follows:

1. The motion to dismiss is denied.

2. The case is remanded to the Secretary of Health, Education and Welfare so that the evidence provided by the claimant be considered and studied to determine not only if the requirements of res judicata under 20 C.F.R., Section 404.937(a) are met, but also whether they meet the standards for reopening of cases under 20 C.F.R., Sections 404.-957 and 404.958. The examiner should issue specific findings on this issue.

3. If review is sought after the remand and the appropriate administrative remedies have been exhausted, the government should raise the whole record on appeal, including the transcript of all hearings, the record of the prior claims and the evidence presented in the new claim so that the Court may properly review.

It is so ordered.