**Rosa Girald CANCEL, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE,**
**Defendant.**

**Civ. No. 396–71.**

United States District Court,
D. Puerto Rico.

Jan. 16, 1973.

Rafael D. Molinary, Servicios Legales de Puerto Rico, Aguadilla, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., for defendant.

## MEMORANDUM AND ORDER

TOLEDO, District Judge.

This is an action brought by plaintiff for judicial review of the dismissal by the defendant of her request for a hearing before a hearing examiner of her claim for benefits under Title II of the Social Security Act (hereinafter called the Act). Defendant alleges that plaintiff failed to exhaust her administrative remedies with respect to her claim for benefits and, therefore, that there has been no "final decision" of the Secretary of Health, Education and Welfare (hereinafter called the Secretary), as contemplated by Section 205(g) of the Act, Title 42, United States Code, Section 405(g); thus depriving this Court of jurisdiction over the subject matter.

The plaintiff filed an application for a period of disability and disability insurance benefits and an application for retirement insurance benefits on November 25, 1969. The claims were denied initially on January 16, 1970, because plaintiff failed to meet the earnings requirement of the Act.[1] The plaintiff thereafter requested a reconsideration, and on May 4, 1970, she was notified that upon reconsideration, the Secretary had determined that the original decision was correct. Because of said last disposition, the plaintiff filed, on June 30,

---

1. Therefore, no finding was made as to whether she was disabled within the meaning of the Social Security Act.

1970, a request for a hearing. The hearing examiner scheduled the hearing for December 1, 1970, at Mayaguez. Originally, the plaintiff said she would be present, but on November 30, 1970, a day prior to the scheduled hearing, a written request was received by the hearing examiner from a legal aid counsel [2] on behalf of the plaintiff; wherein it was requested that the hearing be postponed and scheduled at Isabela, Puerto Rico, because plaintiff proposed to present testimony of over 15 witnesses. The same day the hearing examiner telephoned counsel and sought to discuss suitable hearing space in Isabela, but the mentioned attorney was not available and never responded to the hearing examiner's inquiry. No one appeared at the scheduled hearing on December 1, 1970.

On December 5, 1970, the hearing examiner advised that the hearing could not be held in Isabela and that he anticipated rescheduling the hearing for January 13 or 14, 1971, at Mayaguez. In a motion received by the hearing examiner on December 22, 1970, the plaintiff claimed a denial of her constitutional right of due process of law since the majority of her proof consisted of oral testimony of "no less than 20 witnesses", and contended there was discrimination in her case on the part of the Secretary because the case of another social security claimant had been heard by a hearing examiner in Isabela. Nevertheless, on December 30, 1970, the hearing examin-

er sent amended notice that a hearing would be held on January 13, 1971, at Mayaguez.

In notice received by the hearing examiner on January 5, 1971, the plaintiff advised the hearing examiner that she could not attend the hearing unless it was held in Isabela because her witnesses could not go to Mayaguez. Upon such notice, the hearing examiner, on January 7, 1971, called the office of the legal aid attorney (Mr. Rafael Molinary), at the address on record and in the absence of the attorney, he advised a colleague (Mr. José Capella), that the space in Isabela suggested by Mr. Molinary, was not physically suitable for a hearing, but that the hearing examiner would hold the hearing in Isabela at any suitable site suggested by the office of the colleague [3] and requested a telephone response by next day, so that he could complete arrangements. The hearing examiner further advised Mr. Capella that if he did not hear from Mr. Molinary and if the plaintiff did not appear at the hearing scheduled for Mayaguez on January 13, 1971, he would have no alternative but to dismiss the request for a hearing. On January 8, 1971, the hearing examiner sent written confirmation of the events of January 7, 1971, and advised that since no response or suggestions for suitable space had been made by Mr. Molinary or by Mr. Capella, the case remained scheduled for Mayaguez on January 13, 1971.[4] A copy of the notice was also sent to the plaintiff.

2. The same counsel herein representing plaintiff, that is, Mr. Rafael Molinary.

3. The hearing examiner who had previously conducted a hearing in Isabela, (hearing to which plaintiff's legal aid counsel referred to when he claimed on behalf of the plaintiff a discriminatory treatment of her petition), at the place suggested by the legal counsel for the hearing of the cause of plaintiff herein, by memorandum letter of January 5, 1971, to Mr. José J. Saul, Administrative Hearing Examiner, expressed that the available space at Isabela's City Hall fails to meet the requirements of privacy necessary in social security proceedings.

4. The written confirmation was addressed to counsel for plaintiff herein and to José L. Capella, Esquire, at Legal Services of Puerto Rico, Inc., P. O. Box 889, Aguadilla, Puerto Rico. In the record before the Court, there is a sworn statement made by plaintiff's counsel which states that on December 26, 1970, he moved his residence from Aguadilla to Bayamón, Puerto Rico and that from December 26, 1970 until March 23, 1971, when he received in the Rio Piedras' office of Servicios Legales de Puerto Rico, Inc., a letter from the hearing examiner, he had no information whatsoever concerning the claim of the herein plaintiff. The mentioned letter from the hearing examiner dated

No one appeared at the rescheduled hearing on January 13, 1971, at Mayaguez. Accordingly, an order of dismissal of plaintiff's request for a hearing was issued on January 20, 1971, by the hearing examiner, on grounds of abandonment of the request,[5] pursuant to Section 404.936 of Social Security Administration Regulations No. 4 (Title 20 C.F.R., Section 404.936).[6]

Following plaintiff's request for Appeals Council's review of the hearing examiner's order of dismissal, by letter dated April 30, 1971, the Appeals Council advised the plaintiff that the reconsideration determination dated May 4, 1970, stands as the final determination of the Secretary and that the dismissal order of the hearing examiner was correct.

It is defendant's contention that judicial review of cases arising under Title II of the Social Security Act is provided in, and expressly limited by, Sections 205(g) and (h) of the Act, Title 42, United States Code, Sections 405(g) and (h); and that such is an exclusive remedy. Defendant further asserts that the civil action contemplated in Section 205(g) [7] of the Act, can be brought only in a case in which, (1) the individual was a party to a hearing before the Secretary, i. e., a hearing examiner of the Social Security Administration, (2) the Secretary has made a "final decision" on that claim, and (3) the individual timely commenced a civil action in the proper district court. Defendant also contends that Social Security Administration Regulation No. 4, set forth the administrative procedures by which a claimant for benefits under the Act may obtain a "final decision" of the Secretary. Title 20, C.F.R., Section 404.901 et seq. It further contends that under applicable regulations there is a "final decision" of the Secretary if the Appeals Council grants a request for review of the hearing examiner's decision made after a hearing and renders a decision thereon, or if the Appeals Council denies a timely request for review of a hearing examiner's decision made after a hearing, thereby constituting the hearing exam-

---

March 22, 1972, and received by attorney for plaintiff herein (Mr. Rafael Molinary) on March 23, 1972, is a letter responding to an inquiry and request made by the mentioned attorney by motion of March 18, 1971, and received by the hearing examiner on March 19, 1971. It is on the mentioned motion of March 18, 1971, of plaintiff's counsel, that for the first time he informs the hearing examiner that from December 26, 1970, his office is located at the Vick Center Building in Rio Piedras, % Servicios Legales de Puerto Rico, Inc. No other such notice is on record.

5. The hearing examiner's order holds that since there was no suitable hearing space in Isabela and since plaintiff refused to appear at a hearing at any place other than Isabela, the plaintiff was deemed to have abandoned prosecution of her request for a hearing.

6. Section 404.936 of Regulation No. 4 of the Social Security Administration, reads: "404.936 Dismissal by Abandonment of Party.—With the approval of the hearing examiner, a request for hearing may be dismissed upon its abandonment by the party or parties who filed it. A party shall be deemed to have abandoned a request for hearing if neither the party nor his representative appears at the time and place fixed for the hearing and either (a) prior to the time for hearing such party does not show good cause as to why neither he nor his representative can appear or (b) within 10 days after the mailing of a notice to him by the hearing examiner to show cause, such party does not show good cause for such failure to appear and failure to notify the hearing examiner prior to the time fixed for hearing that he cannot appear."

7. Section 205(g) of the Act, Title 42, United States Code, Section 405(g), reads in the pertinent part as follows: "(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow * * *."

iner's decision the "final decision" of the Secretary.

Accordingly, defendant asserts that only after a request is made to the Appeals Council to review the decision of the hearing examiner made after a hearing and such request has been acted upon by the Appeals Council as set forth above can there be a "final decision" of the Secretary subject to judicial review within the meaning of Section 205(g) of the Act.

Finally, it is defendant's position that the hearing examiner's order of January 20, 1971, dismissing plaintiff's request for a hearing, is not a "final decision" of the Secretary subject to judicial review under Section 205(g) of the Act, for said order did not follow a hearing as contemplated by said Section; thus there being no record before the Court to review. Likewise, it contends that under Section 205(h)[8] of the Act, Title 42, United States Code, Section 405(h), the only court review under Title II is that provided by Section 205(g). It also contends that the plaintiff has, therefore, failed to pursue and exhaust administrative remedies with respect to her claims for benefits under the Social Security Act and that a failure to exhaust said remedies is jurisdictional; and that, therefore, this Court is deprived of jurisdiction to entertain this suit, there being nothing this Court can do but to dismiss the action.

Plaintiff's counsel filed a motion in opposition to defendant's motion to dismiss basically asserting that if administrative remedies were not exhausted, it was due to the arbitrary, illegal, unjust and capricious attitude of the hearing examiner, which never made a written resolution to any of the motions submitted by him, so there could be a record in this case. Likewise, he asserts it was due to the same attitude evidenced by the Appeals Council, which could have remanded the case with instructions to agree in relation to a site for a hearing; not concluding there was none, or that the chosen one was not suitable for a hearing, when the Secretary was constantly using it in many other cases.[9]

Plaintiff's attorney, upon this Court's instruction, by order of August 23, 1972, filed, on September 21, 1972, a sworn statement wherein he offers to clarify certain facts mentioned by the affidavit of the Chairman of the Appeals Council and Director of the Bureau of Hearings and Appeals of the Social Security Administration, filed on December 1, 1971, by the defendant, with its brief in support of its motion to dismiss. The facts as clarified are sufficiently covered in our footnote 3, supra. Furthermore, the affidavit filed by plaintiff's counsel expresses that plaintiff has a good and just cause of action against the defendant; that she deserves that her case be heard by a hearing examiner; and that she should not be penalized for any fault

---

8. Section 205(h) of the Social Security Act, Title 42, United States Code, Section 405(h), states:

"(h) Finality of Secretary's decision—The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 to recover on any claim arising under this subchapter."

9. Annexed to the motion in opposition, plaintiff's counsel included a photocopy of a notice of hearing from the defendant, dated May 19, 1972, sent to him in the case of Mr. Roberto Acevedo, 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, notifying that Mr. J. Robert Brown, hearing examiner, will hold a hearing in relation to said cause on June 16, 1972, at 10:00 a. m. in the City Hall of Isabela. This document is not in any way contradicted by the defendant and it clearly reflects that, while the memorandum letter of January 5, 1971, (see our footnote 2, supra) expressed Isabela's City Hall was inadequate, it nevertheless, has continued to be used by the defendant. No explanation on the part of the defendant to the above is on record.

her lawyer may have committed by inadvertence, ineptitude or any other type of action which may have prejudiced her case before this Court.

From the above stated considerations and contentions, it can readily be seen that the real issue before this Court is whether the Court has jurisdiction to review the order of the hearing examiner dated January 20, 1971, dismissing on grounds of abandonment the request for a hearing filed by plaintiff with the Secretary.

■ While we are of the opinion that, arguably, defendant's contention that the hearing examiner's Order of January 20, 1971, is not reviewable under Section 205(g) of the Act, is correct, we are, nevertheless, of the opinion that said Order is reviewable and that, therefore, this Court can entertain plaintiff's request for judicial review of the dismissal by defendant of his request for a hearing before a hearing examiner.

This is not the first opportunity we have had to consider whether jurisdiction is present under Section 205(g) of the Act when there has been no hearing and there is no record for the Court to review. In Lopez v. Secretary of Health, Education and Welfare (D.C.P.R.1972), 342 F.Supp. 778, we adopted the doctrine established by the Court of Appeals for the Second Circuit in the case of Cappadora v. Celebrezze, 356 F. 2d 1 (1966),[10] and stated that, under the facts of the case,[11] the action of the Secretary, although not reviewable under

Section 205(g) of the Act, was, nevertheless, reviewable under the Administrative Procedure Act, Title 5, United States Code, Section 701 et seq. See also Rivera Ortiz v. Secretary of Health, Education and Welfare (D.C.P.R.1972) 355 F.Supp. 318 (Order entered by this judge on January 8, 1973).

Within the context of this case, we are of the opinion that the Cappadora doctrine, as followed by this Court is applicable, and, that, accordingly, the action of the hearing examiner in this case is likewise reviewable under the Administrative Procedure Act, Title 5, United States Code, Sections 701–706. Section 704 of the above said Act specifically authorizes the judicial review of the action herein under consideration and Section 702 grants plaintiff herein the right to have said action judicially reviewed. Under Section 706 of said Act, we are authorized to hold unlawful and to set aside the Secretary's action herein under consideration if we find it to be: "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; * * * (C) in excess of statutory jurisdiction, authority, or limitations * * *, [or] (D) without observance of procedure required by law".

■ After fully scrutinizing the motions and annexes in file, we are of the opinion that the hearing examiner's Order of January 20, 1971, herein under review, is arbitrary, capricious and constitutes an abuse of discretion.

While we are aware that the evidence before the Court reflects a quite disor-

10. In the *Cappadora* case, the Court of Appeals for the Second Circuit, held that a refusal by the Secretary of Health, Education and Welfare to reopen a denial of benefits, although not reviewable under Section 205(g) of the Social Security Act, Title 42, United States Code, Section 405(g), there having been no hearing and no final decision, was, nevertheless, reviewable under Section 10(e) of the Administrative Procedure Act, then Title 5, United States Code, Section 1009, and now Title 5, United States Code, Section 706. Said holding is predicated upon the Court's belief that to hold otherwise would inevitably lead to an administrative

power, wholly immune from judicial examination in those cases where no hearing is held as required under Title 42, United States Code, Section 405.

11. In Lopez v. Secretary of Health, Eduction and Welfare, supra, the Court dealt with a petition for judicial review filed by a claimant whose claim for a period of disability and disability insurance benefits filed before the Secretary had not enjoyed a full hearing on the merits, in view of the Secretary's application of the res judicata principle at the hearing examiner's level.

ganized way of handling a case on the part of plaintiff's counsel, as well as lack of sufficient motivation on the part of the Aguadill's office of Servicios Legales de Puerto Rico, Inc., we feel the present claimant should not be penalized for it. The record reveals not only misinformation on the part of plaintiff's counsel, but also on that of the defendant. There is no evidence that the conduct of plaintiff's counsel or that of the plaintiff has been misintended.

Furthermore, the documentary evidence before the Court reflects that the place where plaintiff's request that the hearing be held, that is, the City Hall of Isabela, has been used by defendant to hold a hearing with respect to claims of other persons.[12] We fail to find an adequate explanation for this treatment, notwithstanding the comments made by one hearing examiner to the Administrative Hearing Examiner, in a memorandum letter (see footnote 2), with relation to said facilities. If such facilities have been used at any time after said memorandum letter, a refusal to grant plaintiff's request that the hearing be held in such a place constitutes an abuse of discretion on the part of the defendant, as well as an arbitrary and capricious determination. Likewise, a decision to dismiss a petition for a hearing on the ground of abandonment which stems from said factual situation also constitutes an abuse of discretion and a capricious and arbitrary disposition.

The record also reveals that the defendant could have been more solicitous in relation to the adequate disposition of plaintiff's claim, specially, in view of the intended purpose of presenting a great number of witnesses to establish her claim before the hearing examiner and the fact that such claim could, arguably, not be established without the witnesses' presence. Likewise, in view of plaintiff's incapacity to have the witnesses available for testimony at any other place than Isabela.

To grant defendant's motion to dismiss upon the facts of this case, will amount to a poor service to the cause of justice. It is the Social Security Act purpose to ease the insecurity in life, Rodriguez v. Celebrezze (1 Cir. 1965), 349 F.2d 494, to bring succor to those who are in need of it and fulfill the requirements set out in the law, Cancel v. Gardner (D.C.P.R.1967), 268 F.Supp. 206, and as such, it is our opinion that defendant's handling of claims under the Act should be in a liberal and solicitous way, so that all rightful claimants' requests be attended with justice.

In view of the foregoing, the Court finds that it has jurisdiction under Title 5, United States Code, Sections 701–706, to review the Order under consideration and to set aside under Section 706 of said Act, the mentioned Order.

Wherefore, the Court hereby orders that defendant's motion to dismiss be and hereby is denied; and it further

Orders, that hearing examiner's Order of January 20, 1971, be, and the same is hereby set aside; and it is further

Ordered, that this cause be remanded to the Secretary for a hearing as requested by the plaintiff, which hearing shall be held at the City Hall of Isabela, at the earliest date available; and it is further

Ordered, that the defendant grant sufficient time to the plaintiff before the hearing is set, to get in touch with the witnesses she intends to present at the hearing, so as to guarantee their presence at said hearing on the to-be-scheduled date; and it is further

Ordered, that defendant perform any further proceedings consistent with this order, it may deem proper, for the adequate disposition of plaintiff's claim.

Plaintiff should have assistance of counsel at the to-be-set hearing, in order to have the testimonial evidence adequately presented. We recommend that a local legal aid counsel be available in addition to the herein representing counsel.

It is so ordered.

12. See footnote number 9.