Ramonita Mendez CARRERO, Plaintiff,

v.

U. S. SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.

Civ. No. 838–72.

United States District Court, D. Puerto Rico.

Oct. 15, 1973.

Peter J. Trias, San Juan, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., San Juan, P. R., for defendant.

## ORDER

TOLEDO, Chief Judge.

This action is brought under Section 205(g) of the Social Security Act (hereinafter the Act), Title 42, United States Code, Section 405(g), to determine whether the Secretary's decision denying this plaintiff Social Security disability insurance benefits is supported by substantial medical evidence in the record.

The plaintiff alleges inability to work since December 5, 1968, due to back pain resulting from a fall from a hammock. She filed a first application for disability insurance benefits on February 11, 1969, and it was denied in a final administrative manner on July 15, 1970.

A second application was filed by plaintiff on October 19, 1970, and after a hearing held on December 10, 1971, it too was denied in a final administrative manner on July 10, 1972 (Tr. 3).

The following medical evidence was taken into consideration in the first application proceedings: Dr. Paul Kindy stated on May 20, 1969 that the plaintiff's disability was of "a chronic and permanent" nature. Dr. Kindy added that under such circumstances it was impossible for plaintiff to work in a sitting position (Tr. 68). Earlier the same year, on February 11, 1969, Dr. Kindy had stated the plaintiff had continued back pain since her coccyx displacement in December of 1967, despite continued therapy to alleviate such pain (Tr. 69).

On February 28, 1970, Dr. Ulises Ferrer after noting that the plaintiff alleged she has been suffering from persistent pain in the coccygeal and cervical regions diagnosed: 1) Post traumatic coccygodynia; 2) Fibrositis of the nucal ligament and 3) Tensional pain in the neck. Dr. Ulises Ferrer recommended the best chance of rehabilitation for this plaintiff consisted in removal of the last two vertabrae of the coccyx, "where, according to X-Rays, there appears to be some arthritic changes." In Dr. Ulises Ferrer's opinion, this plaintiff could perform light to moderate type of work, which would not involve prolonged periods in a sitting position (Tr. 74).

During the second application proceedings, the hearing examiner in his decision, applied Section 404.937 of the Social Security Administration Regulations to the medical evidence presented in the first proceedings and under the doctrine of res judicata did not reconsider that evidence. Therefore, the only medical evidence taken into consideration during the second application proceedings consisted in the following: a medical certificate by Dr. Arturo Feria dated October 7, 1970, to the effect that this plaintiff "suffers from chronic coccygodynia . . . and cannot perform work requiring prolonged sitting." (Tr. 105). On December 18, 1970, Dr.

Ulises Ferrer submitted what the hearing examiner described as an updated medical report wherein he states that removal of the painful segment of the coccyx should be performed. Dr. Ulises Ferrer is of the opinion that this plaintiff is incapable of performing work "in which she has to remain in a sitting position for prolonged periods." (Tr. 107).

On November 20, 1971, Dr. Arturo Feria noted this plaintiff complains of pain in the coccygeal region.

With regard to all the aforementioned medical evidence, presented at both the first and second disability application procedures, the hearing examiner had this to say:

"In view of my previous decision and the fact that the only thing new with regard to the claimant's present application is that the claimant has a post traumatic arthritis in the area of the old fracture of the coccyx, and a chronic cervical fibrositis which would in effect preclude her from remaining in a seated position for prolonged periods of time, there is no new and material evidence which would justify opening or changing my decision of May 21, 1970."

█ Plaintiff's attorney points to this Court's language in the case of Lopez v. Secretary of Health, Education and Welfare, D.C., 342 F.Supp. 778 in support of his contention, that this case is proper for remand. Therein we stated that when an examiner is contemplating dismissal based on res judicata he must also consider whether the case is a proper one for reopening under 20 C.F.R. 404.957 and 404.958. Thus, while new medical evidence offered after the stamp of res judicata has been placed on medical evidence already evaluated in a final manner might not by iself be enough to support a claim for disability, if such new evidence added to the evidence already considered indicates the possibility that a claimant may in fact be disabled, it would contravene the remedial aspects of the Social Security Act to do anything less than consider all the medical evidence available again and determine whether there is a disability.

█ Upon review of all the medical evidence taken together it becomes apparent to us that there is some probability that this plaintiff's complaints of pain were not duly taken into consideration by the hearing examiner and that consequently, this case is proper for remand for the purpose of taking added medical evidence. At the hearing held on December 10, 1971, the examiner asked, "what type of pain are you referring to?" The plaintiff answered, "to the pain in that same place (the back). Then with the injections they put me there, I would improve but the injections they put, oh my God! But this time it has not improved my condition at all. I don't think I'll let them give me any more shots." (Tr. 27).

As we brought out before, Dr. Ulises Ferrer recommended removal of the last two vertebrae of the coccyx to relieve pain stemming from arthritic changes in her back (Tr. 74), an operation that, according to the record, the plaintiff has refused to undergo.

At the December 10, 1971's hearing, the vocational expert recommended several employment opportunities for this plaintiff, none of which would require prolonged sitting. However, in view of this plaintiff's allegations of back pain, we question whether relegating her to a standing position for an entire work day would alleviate such pain and enable her to compete effectively with other workers. Rivera Caraballo v. Secretary of Health, Education and Welfare, D.C., 346 F.Supp. 93 (1972). For example, would this plaintiff, after several hours of standing, be able to enjoy the full benefit of a sit down rest or would her back pain require that she continue standing. Also what type of treatment is required to keep her alleged back pain down to a tolerable level, and how often must such treatment be administered if it is to be effective? Would such treatment itself limit this plaintiff's ability to carry out substantial gainful activity? Dr. Ulises Ferrer diagnosed nervousness

(Tr. 73), and we are not at all certain that such a symptom does not stem from the treatment she is receiving to alleviate back pain.

■ To require a social security disbility claimant to endure pain, no matter how severe, on the basis that it is not disabling unless it aggravates a condition is contrary to the purpose of the Act, which was designed to ameliorate some of the rigors of life. Riemer v. Secretary of Health, Education and Welfare, D.C., 274 F.Supp. 478.

■ On remand, the Secretary should look more fully into this plaintiff's allegations of back pain, determine on the basis of medical evidence what treatment is required to bring such pain, if it exists, down to a tolerable level and make a finding based on such evidence as to whether this plaintiff, given her condition and its remediable aspects, can compete effectively with other workers.

Wherefore, the case is remanded to the Secretary for his action in accordance with this order.

It is so ordered.