**Flor Rosario NEGRON, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant.**

**Civ. No. 658–73.**

United States District Court,
D. Puerto Rico.

Feb. 20, 1974.

Francisco Ponsa Feliu and Francisco Ponsa Flores, San Juan, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., for defendant.

## OPINION AND ORDER

TOLEDO, Chief Judge.

According to the affidavit of H. Dale Cook, Chairman of the Appeals Council and Director of the Bureau of Hearings and Appeals, Social Security Administration, Department of Health, Education and Welfare, the plaintiff herein filed an application for a period of disability and disability insurance benefits un-der the provisions of the Social Security Act (hereinafter Act), Title 42, United States Code, Section 401 et seq., on February 2, 1970. After a hearing plaintiff was notified that his application had been denied and that if he desired a review of the Hearing Examiner's decision by the Appeals Council he must file such a request within 60 days. A request for review was filed outside the 60 day period, and the Appeals Council dismissed the request on grounds that plaintiff had not shown good cause to justify an extension of the review period. Title 42, United States Code, 20 C. F.R. 404.953, 404.954.

On May 11, 1972, the plaintiff filed a second application for a period of disability and for disability insurance benefits which was denied initially and on reconsideration. Subsequently, on August 10, 1972, the plaintiff filed a request for a hearing and on April 11, 1973, the administrative law judge issued a decision finding that there was no new and material evidence which would affect the prior hearing decision and that the decision on the first application constituted res judicata as to the second application. The Appeals Council dismissed plaintiff's request for review on May 29, 1973, and the plaintiff filed the present action in this Court on July 24, 1973.

We are met at the outset with the Secretary's motion to dismiss this cause on grounds that inasmuch as the current application for disability was dismissed on the grounds of res judicata there is no final decision subject to judicial review as required by Section 205(g) of the Act, Title 42, United States Code, Section 405(g).

The Secretary's decision denying an application for disability benefits under the Act on grounds of res judicata, with or without a hearing, is not properly reviewable under Section 205(g). Cappadora v. Celebrezze, 356 F.2d 1 (2d Cir. 1966). In *Cappadora,* the Court held that review under Section 205(g) applies only to a final decision rendered after a hearing made mandatory under Section 205(b) of the Act. At page

4. Nevertheless, decision by the Secretary made outside the ambit of Section 205(b), regardless of whether the Secretary affords the applicant a hearing or not, are reviewable for abuse of discretion under the provisions of the Administrative Procedure Act, Title 5, United States Code, Section 701 et seq. Cancel v. Secretary of Health, Education and Welfare, (D.C.P.R.), 355 F.Supp. 835 (1973).

The *Cappadora* Court did not deal with an issue of res judicata. However, this Court in Lopez v. Secretary of Health, Education and Welfare, 342 F.Supp. 778 (D.C.P.R.1972), held that a claim for disability benefits denied without a hearing on grounds of res judicata is reviewable for abuse of discretion under Title 5, United States Code, Section 706. We recognized that the doctrine of res judicata serves a useful purpose in preventing relitigation of issues administratively determined, but at the same time we recognized the value of providing relief of a truly arbitrary administrative decision, especially in an area of law such as the Social Security Act, designed to provide relief to those who are unable to help themselves.

■ Having determined that we do have jurisdiction to review the Secretary's decision in the case at bar, we move on to consider whether the Secretary's application of res judicata in this instance constitutes a correct exercise of his discretion. As we stated in *Lopez* following the lead established in Grose v. Cohen, 406 F.2d 823 (4 Cir. 1969), when the doctrine of res judicata is being applied, specific consideration must be given to the provisions in the agencies' own regulations for the reopening of cases.[1]

The administrative law judge dealing with this plaintiff's present application for disability benefits found that there was no new and material evidence presented which would require reopening of the prior decision. He also found that the administrative decision as to plaintiff's first application for disability benefits is res judicata as to the present application.

■ According to our decision in *Lopez,* however, and in Ana Maria Rivera Ortiz v. Secretary of Health, Education and Welfare (D.C.P.R.) decided January 8, 1972, 355 F.Supp. 318, after that the hearing examiner did not go far enough. In the two cases just cited, this Court held that the Secretary must

---

1. The pertinent regulations on res judicata and reopening are Title 42, United States Code, C.F.R., Sections: "404.937—Dismissal for cause—The hearing examiner may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:

(a) Res Judicata. Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has .become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision (see §§ 404.911, 404.918, 404.946, and 404.951)".

"404.957—Reopening initial or reconsidered determinations of the Administration, and decisions of a hearing examiner or the Appeals Council; finality of determinations and decisions:—An initial or reconsidered determination of the Administration or a decision of a hearing examiner or of the Appeals Council which is otherwise final under § 404.908, § 404.916, § 404.940, or § 404.951 may be reopened:

(a) Within 12 months from the date of the notice of the initial determination (see § 404.907), to the party to such determination, or (b) After such 12-month period, but within 4 years after the date of the notice of the initial determination (see § 404.907) to the party to such determination, upon a finding of good cause for reopening such determination or decision, or (c) . . . ."

"404.958—Good cause for reopening a determination or decision—"Good cause" shall be deemed to exist where: (a) New and material evidence is furnished after notice to the party to the initial determination; (b) A clerical error has been made in the computation or recomputation of benefits; (c) There is an error as to such determination or decision on the face of the evidence on which such determination or decision is based."

study the medical evidence, determine if the requirements of res judicata and the standards for reopening are met, and issue specific findings on each issue. Thereafter, if review is sought the entire record must be raised so that the Court be placed in a position to properly review.

■ At this time we are unable to exercise a proper review power over the Secretary's decision because (1) the Secretary has not issued *specific* findings on the issues of res judicata and reopening and (2) because we do not have before us the entire administrative record dealing with plaintiff's present and past disability claims.

This Court has on occasions reviewed the Secretary's dismissal on grounds of res judicata and because a complete record was raised for our study we have remanded for a reconsideration of the medical evidence by the Secretary on the merits of plaintiff's claim. Ramonita Mendez Carrero v. Secretary of Health, Education and Welfare (D.C. P.R.). Decided October 15, 1973, 372 F.Supp. 474; Pedro Rivera Ruiz v. Secretary of Health, Education and Welfare (D.C.P.R.) Civil 280–72, decided April 26, 1973; Grose v. Cohen, supra. If we feel that all the medical evidence presented by the plaintiff in each disability application when looked at together spells out "good cause" for reopening under 20 C.F.R., Section 404.985, Leviner v. Richardson, 443 F.2d 1338 (4 Cir. 1971). We will not delay a determination on the merits by having the Secretary consider beforehand the issue of reopening. On remand, the Secretary will reconsider the medical evidence in its totality, will keep in mind this Court's recommendations on the matter and will take additional medical evidence if necessary before rendering a decision on the merits. Diaz Diaz v. Secretary of Health, Education and Welfare (D.C.P.R.). Decided October 17, 1973, 372 F.Supp. 463.

However, the normal course of procedure, especially in a case like the present one where all the necessary medical evidence is not at our disposal, will be to remand to the Secretary on the issue of reopening and res judicata. Our disposition of *Lopez* applies equally to the instant case:

"1. The motion to dismiss filed in these cases are denied.

2. The cases are remanded to the Secretary of Health, Education and Welfare so that the evidence provided by the claimants be considered and studied to determine not only if the requirements of res judicata under 20 C.F.R. 404.937(a) are met, but also whether they meet the standards for reopening of cases under 20 C.F.R. 404.957 and 958. The examiner should issue specific findings on this issue.

3. If review is sought after the remand, and the appropriate administrative remedies have been exhausted, the Government should raise the whole record on appeal including the transcripts of all hearings, the record of the prior claims, and the evidence presented in the new claim, so that the Court may properly review."

It is so ordered.