**Juan De Dios GALARZA, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

Civ. No. 1093–72.

United States District Court,
D. Puerto Rico.

March 6, 1974.

Luis F. Abreu Elías, Río Piedras, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., for defendant.

## OPINION AND ORDER

TOLEDO, Chief Judge.

The plaintiff herein, through his attorney, alleges that inasmuch as his disability benefits were reduced by defendant without benefit of a prior hearing his constitutional due process rights as described in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), were violated. Seemingly, the United States District Court for the District of Hawaii upheld a similar contention in Eliot v. Richardson, 41 L.W. 2554.

We have no power to reach the constitutional issue, however, and accordingly *must dismiss this action in view of plaintiff's failure to timely institute this civil action for review of the Secretary's final decision.* Section 205(g) of the Social Security Act (42 U.S.C. § 405(g), provides in its pertinent part:

"(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within

sixty (60) days after the mailing to him of notice of such decision or within such further time as the Secretary may allow . . . ."

As appears from the affidavit of H. Dale Cook, Chairman of the Appeals Council and Director of the Bureau of Hearings and Appeals, Social Security Administration, Department of Health, Education and Welfare, the Appeals Council's decision and notice were mailed to the plaintiff on October 5, 1972 and the plaintiff filed the instant civil action on December 5, 1972. Because the action was filed on the 61st day it is time barred under Section 205(g). Small v. Gardner (1 Cir. 1968), 390 F.2d 186; Macy v. United States Secretary of Health, Education and Welfare, 353 F.Supp. 849 (D.C.1972).

■ Any indication in Lopez v. Secretary of Health, Education and Welfare (D.C.P.R.1972), 342 F.Supp. 778, that the Administrative Procedure Act, Title 5, United States Code, Section 701 et seq., can be used to circumvent the 60-day judicial appeal requirement of Section 205(g) is hereby repudiated. As we stated very recently in Flor Rosario-Negron v. Secretary of Health, Education and Welfare, D.C., 382 F.Supp. 913, decided February 20, 1974 (Chief Judge Toledo), following Cappadora v. Celebrezze (2 Cir. 1966), 356 F.2d 1, the Administrative Procedure Act is available in limited circumstances to review a denial of disability benefits on grounds of res judicata when the specific type of hearing described in Section 205(g) as a prerequisite of judical review has not been provided. Such decisions are reviewable for abuse of discretion provided the civil action is timely filed. This action is not and accordingly must be dismissed. Judgment will be entered accordingly.

### JUDGMENT

In view of our decision rendered on March 6, 1974, this action is hereby dismissed.

It is so ordered.