the meaning of 42 U.S.C. § 2000e–2 (a). *Baker,* supra, 507 F.2d page 898. In consequence,

It is hereby ordered that defendant's motion for summary judgment be and is granted; and

It is further ordered that plaintiff's motion for summary judgment be and is denied; and

It is further ordered that defendant have judgment against plaintiff; and

It is further ordered that plaintiff shall pay costs in this matter.

**Enrique RUIZ OLAN, Plaintiff,**
**v.**
**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**
**Civ. No. 908–72.**

United States District Court,
D. Puerto Rico.
March 19, 1974.

Benito Gutierrez Díaz, Hato Rey, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., for defendant.

## OPINION AND ORDER

TOLEDO, Chief Judge.

The defendant moves that this action be dismissed inasmuch as plaintiff's current application for Social Security benefits was dismissed at the administrative level on grounds of res judicata, without a hearing, and accordingly, there is no final decision for judicial review under Section 205(g) of the Social Security Act (hereinafter Act). Title 42, United States Code, Section 405(g).

 Although the plaintiff has not mentioned it, this Court has decided that such administrative decisions if appealed in time are reviewable under the Administrative Procedure Act, Title 5, United States Code, Section 701 et seq., for abuse of discretion. Flor Rosario Negron v. Secretary of Health, Education and Welfare, decided February 20, 1974 (Chief Judge Toledo), 382 F.Supp. 913; Juan de Dios Galarza v. Secretary of Health, Education and Welfare, decided March 5, 1974 (Chief Judge Toledo), 392 F.Supp. 689. Consistent with our dictates in the aforementioned cases, the Secretary has made findings as to the issue of reopening under Sections 404.956 and 404.958, Title 42, United States Code, 20 C.F.R., 404.956 and 404.958, and the entire record is before us for proper judicial review. See also Lopez v. Secretary of Health, Education and Welfare (D.C.P.R.1972), 342 F.Supp. 773.

 With regard to plaintiff's present (second) application, for disability benefits, Title 42, United States Code, Section 423, filed on February 13, 1971 and accompanied by additional medical evidence, the hearing examiner denied plaintiff's request for an oral hearing on the question of disability on grounds that while new medical evidence had been submitted it "does not have a material relevance with respect to the claimant's disability status from a time on or before March 31, 1969, when he last met the special earnings requirement for disability purposes". Title 42, United States Code, Section 416(i).

The Secretary had denied plaintiff's first application for disability benefits, filed on February 15, 1968, alleging inability to work as of October 1967, due to asthma (Tr. 109), because although "the medical evidence is indicative of the fact that the claimant does have bronchial asthma and at times suffers acute attacks which would incapacitate him during the period of the attacks, the attacks occur only monthly or even less often—and these attacks may be precipitated by his anxiety which however has not affected his mental capacities . . ." (Tr. 64).

Whether the plaintiff's asthmatic attacks are triggered by anxiety or otherwise the medical and other evidence available on plaintiff's first application shows the Secretary's abovequoted conclusion to be unwarranted. At the hearing held on April 15, 1969, there was repeated testimony to the effect that plaintiff's asthmatic attacks were frequent. (Tr. 80, 88, 89, 90, 97). Reports from the Puerto Rico Medical Center state that plaintiff has suffered from asthma since childhood and that "since six months has developed daily attacks". (Tr. 139). On February 26, 1968, Dr. B. Maja diagnosed "chronic bronchial asthma and recurrent acute exacerbations" (Tr. 152). Dr. Martinez-Villafañe reported on September 18, 1968, that plaintiff "claims he has had episodes of acute more or less severe bronchial asthma twice every week, each episode lasting 2 to 3 days, each one requiring intensive treatment . . ." (Tr. 153). Finally, on February 12, 1969, Dr. Alberto Baez reported that plaintiff "is a chronic case of bronchial asthma who does not respond to the usual medications. In his present condition (plaintiff) cannot work". (Tr. 164).

In Flor Rosario Negron (supra), we indicated that given the remedial purpose of the Act, Zeno v. Secretary of

Health, Education and Welfare (D.C.P. R.1970), 331 F.Supp. 1095, the Secretary should, when determining whether to reopen a previously rendered administrative decision otherwise subject to res judicata, consider the medical evidence available in its totality and determine whether such a view presents a picture of disability on or before expiration of earning requirement status. At page 6.

The medical evidence presented on plaintiff's second application for disability benefit cannot, in all fairness, be considered immaterial. On June 28, 1972, Dr. Juan M. Angell reported plaintiff's prognosis as "doubtful" (Tr. 4). Dr. Ferdinand Lebrón reported on April 18, 1972, that he had treated plaintiff "for illness of severe asthmatic crisis, which occur periodically" (Tr. 9). More strongly, Dr. Armando Perez Soto stated that plaintiff suffers from daily chronic asthma attacks. (Tr. 17). Dr. Domingo Perez stated on March 2, 1971, that "since 1960 the asthmatic episodes and severe shortness of breath have been very frequent" (Tr. 34). Finally, Dr. Alberto Baez, who has examined plaintiff since 1968, stated on April 2, 1971, that since February 1968 "and in spite of all medication of all kinds" plaintiff's daily attacks persisted. (Tr. 40). Dr. Baez reports, in addition, that plaintiff suffers from hypertension.

If there were any aspect of this plaintiff's alleged impairments not adequately covered by the medical evidence in the record, this case would be proper for remand. Under the reasonableness test of Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), the Secretary's decision is certainly not entitled to affirmance. Accordingly, and because we consider that the medical evidence in the record indicates, beyond all reasonable doubt, that this plaintiff was unable to engage in substantial activity as the term is described in the Act on or before expiration of his earnings requirement status; March 31, 1969, the Secretary's decision is hereby reversed. Disability benefits will be awarded.

It is so ordered.