Enrique RUIZ–OLAN,
Plaintiff-Appellee,

v.

SECRETARY, DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE, Defendant-Appellant.

No. 74–1209.

United States Court of Appeals,
First Circuit.

Submitted Feb. 5, 1975.

Decided March 12, 1975.

Carla A. Hills, Asst. Atty. Gen., New York City, Julio Morales Sanchez, U. S. Atty., Leonard Schaitman and Judith H. Norris, Attys., App. Section, Civ. Div., Dept. of Justice, Washington, D. C., on brief for defendant-appellant.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Claimant's February 1968 application for disability benefits was denied initially and also upon reconsideration. In histories taken by physicians and at the ensuing hearing, claimant asserted that he suffered from daily bronchial asthma attacks, and the vocational expert agreed that attacks of such frequency would be disabling under the Act. However, another medical history reported claimant's statement that he had not suffered an attack in twelve days, and in response to a question about the frequency of the attacks a friend appearing on claimant's behalf testified that claimant suffered the "strongest" attacks once a month. The administrative law judge concluded that the attacks occurred "only monthly or even less often, because there is only medical observation of one such attack in the medical record." The vocational expert testified that attacks of this frequency would not be disabling. Claimant also introduced evidence as to his allergies, nervous anxieties, and blood pressure, but the judge nevertheless determined that claimant was not disabled before March 31, 1969, the last date he satisfied the earnings requirements. Claimant took no further action with respect to this decision.

In February 1971 claimant reapplied for benefits. This application was also denied initially and upon reconsideration. Claimant's request for a hearing was denied on grounds of res judicata. 20 C.F.R. § 404.937(a) (1974). The administrative law judge then proceeded to treat the application as a petition to reopen the Secretary's prior decision. Lopez v. Secretary, 342 F.Supp. 778 (D.P.R.1972); Nicholson v. Finch, 311 F.Supp. 614, 615 (D.Mont.1970). 20 C.F.R. § 404.957 provides that a decision "may be reopened . . . (b) . . . upon a finding of good cause. . . . " 20 C.F.R. § 404.958(a) defines good cause as the furnishing of "new and material evidence."[1] The administrative law judge found that no good cause had been shown. "Evidence submitted in connection with the second application, while new, does not have a material relevance with respect to the claimant's disability status from a time on or before March 31, 1969, when he last met the special earnings requirement for disability purposes." Therefore the judge declined to reopen the prior decision. The district court reversed this decision and proceeded to grant disability benefits to the claimant. This appeal followed.

We think the application was properly dismissed on res judicata grounds, since evidence on all of the claimed impairments had been before the administrative law judge on the previous

---

1. We understand material evidence to be evidence which would likely have affected the original decision had it been in the record at that time. Cf. Leviner v. Richardson, 443 F.2d 1338, 1343 (4th Cir. 1971). We do not approve of the district court's practice of ordering a decision reopened when the new evidence indicates a mere "possibility" of disability. See Carrero v. Secretary, 372 F.Supp. 474 (D.P.R.1973).

application which was rejected after claimant's period of eligibility for disability benefits had expired.[2] *See, e. g.,* Stuckey v. Weinberger, 488 F.2d 904 (9th Cir. 1973) (en banc). As to the refusal to reopen, we agree that this administrative action is subject to judicial review under the Administrative Procedure Act, 5 U.S.C. § 701 (1970), notwithstanding §§ 405(g) and (h) of the Social Security Act. *See* Maddox v. Richardson, 464 F.2d 617 (6th Cir. 1972); Davis v. Richardson, 460 F.2d 772 (3d Cir. 1972); Cappadora v. Celebrezze, 356 F.2d 1 (2d Cir. 1966). *But see* Stuckey v. Weinberger, *supra.*[3] But review is restricted to ascertaining whether the administrative action was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, 5 U.S.C. § 706(2)(A). The court below erred in holding that the Secretary's refusal to reopen his prior decision was such. Most of the new evidence presented by claimant was cumulative or not directly relevant to his condition during his period of eligibility. Dr. Baez' medical report does to some extent corroborate claimant's assertion as to the frequency of his attacks.[4] But while Dr. Baez was a treating and not merely an examining physician, his references to daily attacks are seemingly reports of claimant's complaints rather than clinical observations, so that this evidence too was essentially cumulative. We are not prepared to hold that the administrative law judge abused his discretion in concluding that claimant's new evidence was immaterial and not good cause for reopening under the Secretary's regulations.

Reversed.

2. Claimant admitted he did not suffer from angina pectoris until 1970 when his eligibility for benefits had expired.

3. In addition to the other arguments favoring review we note that a refusal to reopen is not a finding of fact or decision of which review is foreclosed under 42 U.S.C. § 405(h).

4. The report provided in relevant part:
   "1. HISTORY (Give complaints past and present, clinical course, including therapy and response.)

. . . On his first visit he related a history of asthma for many years. Previous to 1st visit he had been asymptomatic for 12 yrs, but on 2/9/68 he had had an attack for 1½ months and a diagnosis of acute bronchial asthma was done. He was started on routine treatment and seen one month later with no improvement. Since then and in spite of all medications of all kinds his daily attacks persisted until next seen on 3/1/68. [illegible] therapy to no avail. On 2/8/69 he was still having daily attacks. . . ."